## SWAN v. THE STATE.

1. The term premises in the statute authorizing merchants and shopkeepers to retail spirituous liquors by the quart, so that the same be not drank with, &c. on the premises where they reside or have their stores, means something over which the individual has control; and therefore a conviction·is proper when the liquor furnished is drank from glasses of the shopkeeper on a bench used by him in a mill yard some fifteen or twenty steps from the house where the liquor was sold.

Writ of Error to the Circuit Court of Sumter.

INDICTMENT against Swan for retailing spirituous liquors in quantities less than one gallon, and permitting the same to be· drank on his premises.

At the trial, it was in proof that the defendant sold the witness one quart of whisky, which the purchaser took from the house of defendant to a work bench some fifteen or twenty steps from the house, and there it was drank, by the witness and some other persons, from glasses furnished by defendant, and in presence of defendant, who made no objection. The work bench was between the house of defendant and a mill owned by one Gay, and was on Gay's land, though the bench was then in use by defendant. The defendant kept goods and medicines in his house or store for sale. The defendant had no control over the land or yard where the work bench stood.

On this state of proof, the court charged the jury, that if the defendant sold the whisky, knowing the same was intended to be drank at the work bench spoken of, or at any other place near to his store, and furnished the glasses out of which to drink it, then the selling was a violation of the statute.

The defendant at a former day moved this court for a writ of error, on the ground that the court erred in this instruction, and the writ was allowed.

Swan v. The State.

INGE, for the plaintiff in error.

ATTORNEY GENERAL, contra.

GOLDHWAITE, J.—The statute which prohibits the retailing of spirituous liquors except by licensed persons, permits merchants and shopkeepers to sell by the quart, so that the liquor be not drank with their consent and privity in their stores or on the premises where they reside or have their stores; (Dig. 554, § 4,) and the question is whether the proof in this cause brings the defendant within the terms and intention of the statute. It is evident the terms, *or on the premises where they reside or have their stores*, were intended to mean something different from that which had been previously expressed by *in their stores*, as without such intention, the terms are useless in the connection where they are found. In common parlance, the word premises is understood to mean something over which an individual has control, either by actual possession or by claiming and exercising the right to prevent the occupation by others, and in our judgment it is used in this sense by the statute. Applying this term to the evidence, we think the work bench must be understood as being a part of the premises where the defendant had his store, as the presumption from his use of it is, that it was under his control, at least so far as to warrant him in excluding mere strangers from its use. It seems to us for all the purposes of drinking, to have been *pro hac vice* as much his premises as a table within or adjacent to his place of doing business; and it seems was furnished with the necessary drinking vessels in the same manner a table would have been furnished if there used.

We are entirely satisfied the law was correctly ruled by the circuit judge. Judgment affirmed.