## DOWNMAN v. THE STATE.

1. To render one liable to an indictment for retailing spiritous liquors, in quantities not less than a quart, and permitting the same to be drunk on his premises, the liquor must be drunk in some place, over which he has the legal right to exercise authority, or control.

Error to the Circuit Court of Marengo. Before the Hon. S. Chapman.

Downman v. The State.

MANNING, for plaintiff in error.

ATTORNEY GENERAL, contra, cited The State v. Swan, 11 Ala. Rep. 595.

DARGAN, J.—This was an indictment against the plaintiff in error, for retailing spiritous liquors in quantities not less than a quart, and permitting the same to be drank on the premises.   On the trial, it appeared that the plaintiff in error was a shop-keeper, and that he sold to one Russell a half gallon of whisky, who carried it from the store of the plaintiff, to a house about twenty-five steps off, where an election was being held; but it was carried in, and drank out of a measure, belonging to the plaintiff, and after the whisky was drunk, the measure was returned; but it was shown, that the plaintiff had no control over the house where the whisky was drunk.   The court charged, that under this proof, it must be considered, that the whisky was drunk on the premises of the plaintiff, within the meaning of the act.

The statute under which this indictment is framed, permits shop-keepers to retail spiritous liquors in quantities not less than a quart, so the same be not drank in the store, or on the premises where they reside, and have their stores. Clay's Dig. 554, § 4.

The quantity shown to have been sold being a half gallon, in order to be a violation of the statute, it must appear that it was drunk in the store, or on the premises.   But Russell, who bought it, carried it to a house over which the plaintiff in error had no authority or control, and it was there drank. The term premises, as used in the statute, must mean some place over which the shop-keeper has the legal right to exercise authority and control; and as it was drank at a house over which he had none, the court erred in charging the jury that it must be considered as drank on the premises.

Let the judgment be reversed, and the cause remanded.