## BROWN *vs.* THE STATE.

[INDICTMENT FOR RETAILING.]

1. *Selling liquor drunk on or about premises.*—Although, in a majority of cases, it may be a question of fact for the jury, whether the place at which the liquor is drunk is "about the premises" of the seller ; yet, where it is shown that the liquor was drunk in the public road, in front of the seller's store, in full view thereof, and within the distance of ten, fifteen, or twenty steps, the court may instruct the jury that it was drunk "about the premises." (WALKER, J., *dissenting*.)

From the Circuit Court of Perry.

Tried before the Hon. C. W. RAPIER.

THE indictment in this case was in the general form prescribed by section 1059 of the Code. The bill of exceptions is as follows :

"On the trial of this case, to make out the offense charged in the indictment, the State introduced the following testimony : That the defendant kept a store in said

county, near to the public road leading from Greensboro' to Centreville. Some time in the month of February, or March, preceding the finding of the indictment, the defendant, with three or four other persons, was sitting in the passage or porch in front of his store, facing the public road, when a white man, a stranger, passing the road, stopped his wagon, and, approaching the store with a bottle in his hand, asked for whiskey. Thereupon the defendant, looking at his bottle, (which would hold a good deal more than. a pint, but not a quart,) replied, that he could not sell him less than a quart. The stranger then said, that he would take a quart; and the defendant sold him a quart, and measured it to him in a quart measure. The stranger filled his bottle out of the measure; and, walking out of the store, stopped, after getting out of the porch, as if going to drink. The defendant told him, that he could not drink there. The stranger then went on to the ditch dividing the defendant's premises from the public road, and, stopping, asked the defendant if he was far enough; but the defendant told him, no—he could not drink there. The stranger then went on to his wagon, in the middle of the public road, rather behind his wagon, and asked the defendant if he was far enough now; and the defendant replied, that he (defendant) had no control over the public road, and he could do as he pleased. The stranger then drank out of the bottle, and also a negro he had with him; and then, returning to the store for the balance of his quart, he put it in his bottle, and went on his way. The place where the liquor was drunk was in a public road, or highway, from ten to twenty steps, according to one of the witnesses, and according to another from fifteen to twenty steps, from the defendant's store. The witnesses for the State testified, that said selling and drinking occurred in said county, within twelve months before the finding of the indictment; also, that the defendant was habitually, and by reputation, strict and rigid in the prohibition of drinking liquor on or about his premises,—forbidding its being done, and not suffering drunken men about him.

"The above being, in substance, all the evidence that

was introduced on the trial, the court charged the jury, among other things, that if the public road passed immediately by the defendant's premises, where his store was situated; and the liquor was sold by him, and was drunk, not upon his premises, but upon the road, within ten or twenty steps from his store, and within view and speaking distance of it,—then it was drunk about his premises, and he would be a retailer within the meaning of the law.

"The defendant excepted to this charge, and requested the court to give the following charges:

"1. That, the place where the liquor was drunk being a public road, and the property of the public, and not on the premises of the defendant, he had no right to prohibit the liquor being drunk there, and the jury cannot find him guilty because he did not prohibit it.

"2. If the jury believe that the drinking took place in the public road, and that the defendant expressly prohibited the drinking on his premises, they must find him not guilty.

"3. If the jury conclude from the evidence that the defendant, at the time he sold the liquor, did not know where it would be drunk, and did not afterwards wink at or encourage the drinking of it in the public road where it was drunk, but simply refrained from attempting to prohibit its being drunk there, where he had no right or power to prohibit it,—they must find the defendant not guilty.

"The court refused each one of these charges, and to each refusal the defendant objected."

I. W. GARROTT, and R. J. REID, for the prisoner.

M. A. BALDWIN, Attorney-General, contra.

STONE, J.—Under our statute law, as it existed before the Code went into operation, "merchants and shop-keepers" were permitted to "retail liquors by the quart" without license, * * so that the same" was "not drunk, with their consent and privity, in their stores, or on the premises where they resided, or had their stores."—Clay's Digest, 555, § 4. The Code (§ 1058) declares all persons

*retailers* who sell liquors "in any quantity, if the same is drunk on, or about the premises."

It is scarcely necessary to point out the differences, apparently studied, observable in these two enactments. The first limits the prohibition to drinking *on* the premises of the seller, and with his *consent* and *privity*. The latter enlarges the forbidden grounds very materially—*on* or *about* the premises; and ignores *consent* and *privity*, as an element of the offense. It certainly requires no argument to show, that a place in a public highway, within ten, fifteen or twenty steps of the defendant's store in front, and in full view of it, comes within the purview of the phrase, "*about* his premises."

In announcing, as a matter of law, and on the hypotheticated facts submitted by the circuit court to the jury for ascertainment, that the place where the drinking took place was about the premises of the seller, it is not our intention to assert that this is always a question of law. In a majority of cases, perhaps, it would be a question of fact for the jury. Such was the case of Easterling v. The State, 30 Ala. 46. When, however, as in this case, the testimony is plain and simple, and the place where the drinking is done is obviously *about* the premises of the seller, the credibility of the evidence, and the amount of the fine, are the only questions for the jury.

The construction contended for by plaintiff in error would obliterate all distinction between the old and new statutes. Indeed, he is driven to this, as the only plausible argument he can urge in favor of reversal. The old statute had been construed, (see Downman v. The State, 14 Ala. 243;) and if the legislature intended to retain the law as it previously existed, they certainly would have copied its language, and in this way preserved not only the statute, but also its judicial exposition. See, also, Easterling v. The State, *supra*. They did not pursue this course, but employed language essentially different. Shall we, on the presumed hardship of the case, say they did not mean what they have said? Our duty is to expound, not to enact the law. When the legislature

speak within the pale of the constitution, we have no discretion but to obey.

But is it clear that there is any thing oppressive in the enactment? Licensed liquor-dealers are hedged around by many restraints. They must, before obtaining a license, produce a certificate of good moral character, and must take and subscribe an affidavit, the provisions of which are very comprehensive and salutary. The cost of license to retail is also a material item in the public revenue.—Code, §§ 1056, 1057, 397. Possibly, the legislature intended to increase the revenue from this source, by increasing the perils attending the traffic without license. Possibly, the intention was to withhold from persons who would not purchase the privilege the means of profit in this particular pursuit, which others, more obedient to the laws, obtained only by a compliance with its provisions. Possibly, the legislature supposed that the public good would be promoted by increasing the necessity for a license, and thus bringing a larger number of liquor-sellers under the restraints of the oath required by section 1057 of the Code. Or, possibly, the evils of social drinking *about* the premises of the seller, with the attendant brawls and breaches of the peace, unchecked by the guards which the law places around licensed traffic, entered into the policy which dictated the statute. With their intentions, however, save as we gather them from the language they have employed, we have nothing to do.

The judgment of the circuit court is affirmed.

WALKER, J.—The existing law of this State makes it a misdemeanor to sell liquors in the quantity of a quart without a license, "if the same is drunk on or about the premises."—Code §§ 397, 399, 1059. Upon the facts presented in the charge given, the whiskey sold was not drunk "ON THE PREMISES;" for it has been decided by this court, both before and since the adoption of the Code, that the premises of the seller are the places "over which he has the legal right to exercise authority and control." Easterling v. The State, 30 Ala. 46; Downman v. The State, 14 Ala. 242.

The charge must be wrong, then, unless the facts upon which it authorized the jury to regard the defendant as a retailer, show that the liquor was drunk about the premises of the seller. It is our province to decide whether the charge was right, not whether the defendant was guilty. The only things requisite, under the charge, to make the place about the defendant's premises, are, that it should be upon the road, within ten or twenty steps of the store, and within view and speaking distance of it. Is it a legal presumption, to be asserted by the court, that a place within ten or twenty steps, in the road, and within view and speaking distance, is about the premises? In Easterling v. The State, the drinking was about the same distance from the premises; was in the public street, and must have been within speaking distance. The only point of distinction, between that case and the case made in the charge given by the court in this, is, that there the drinking was out of view, because there was an intervening obstruction; while here the drinking was in view.

If Easterling v. The State, a recent decision, is not overruled by my brethren, their decision, in affirming the correctness of the charge in this case, can be vindicated only upon the ground, that, all other things being the same, the guilt of violating the law in this case consists in the fact that the drinking was in view. In Easterling v. The State, the liquor was carried away in the seller's vessel, and drunk at the distance of fifty feet from the place of sale, in the street; and then the vessel was returned. I can not regard the fact that the drinking was in view, as a material fact, distinguishing the two cases. To one who wished to evade the law, it would be a matter of no difficulty to require the liquor to be carried fifty feet from the door, in such a direction that the drinking could not be seen. I object, therefore, to the decision of my brethren, because it overrules, in my opinion, our recent decision in Easterling v. The State. That decision I think objectionable for indefiniteness; but, as far as it goes, it is, in my opinion, right, and ought not to be overruled. It defines the phrase, *about the premises*, as embracing "places over which the seller has no legal right to exer-

cise authority or control, but which are yet so near to his premises, and so situated in relation thereto, that to permit the liquor sold by him to be drunk at them would produce the very evil in kind, though not in degree, which the prohibition to drinking it on his premises was intended to prevent." By this decision, proximity is not the sole test whether the place is about the premises : it must not only be near, but it must be so situated in relation to the premises that drinking at it would produce the same evil in kind, as would result from drinking on the premises. This is manifestly correct, for it is conceivable that one might drink within forty or fifty feet of the place of sale, in speaking distance and in full view, and yet be in his own chamber. If a place in proximity to the premises is necessarily about the premises, then one who sells a quart of liquor would violate the law, although he should believe, and have every reason to believe, that the liquor sold would be carried away, and should act upon a promise by the purchaser to carry it away, and should follow the purchaser to a place off his premises, but near them, and there make every effort which the law permits to prevent the drinking. One may thus know the law, desire to observe it, believe that he was observing it, and use all the power which the law permits him to use in order to prevent a violation of the law, and yet be guilty. The question of guilt is placed entirely beyond his control. He may become, against his will, and in despite of his utmost efforts and caution, a violator of the law. The power to prevent a violation of the law depends upon the conduct of the purchaser, although it may have been impossible for the seller to foresee or to prevent that conduct. Any man in the State who sells by the quart may be constituted an involuntary violator of the law, by the fact that some purchaser chooses, after he gets into the street or public road, and while he is yet near, to drink of the liquor. I do not think a construction of the law, which leads to such a result, is either reasonable, or consistent with the purpose of the legislature. The effect of such a construction is, that the only mode of avoiding a violation of the law is to abstain from selling without a

license. The legislature manifestly did not intend to abolish the sale of liquors in quantities not less than a quart; and a construction ought not to be placed upon the law, which will accomplish that object by indirection.

For these reasons, I think this court was right, in the case above referred to, in requiring that the place should have a certain relation to the premises, in order to bring it within the term 'about the premises.' When does a place occupy such a relation to the premises, that to permit drinking at it would cause the same evil in kind which is incident to drinking on the premises? In Swan v. The State, 11 Ala. 594, a work-bench, not on the land of the seller, but near his premises, was held to be his premises, because he was using the bench, and the liquor was drunk on the bench from vessels furnished by the seller. That decision tended to meet that class of cases, where the liquor was drunk, off the land of the seller, at some place used as a mere point of convenience for tippling with liquor supplied from the establishment of the seller; but that decision was overruled in Downman v. The State, 14 Alà. 242. In the latter case, *the premises*, the term used in the old law, was held to include only places over which the seller had a legal right to exercise authority and control. Thus an extensive class of cases, where the same evils existed as result from drinking on the premises, was left under our law unprovided for. To meet those cases was the object of adopting in the Code a law variant from, and more comprehensive than, the rule of decision laid down in Downman v. The State, or even in Swan v. The State. If liquor is drunk at a place used as a mere point of convenience for drinking from the seller's premises; or if it is understood by the seller that it is bought simply to be taken to some neighboring place to be drunk, because it is a convenient point for drinking in reference to the place of supply, the same evils would result, as are caused by drinking on the premises. Tippling in crowds, congregated drinking, and the temptation to excess by the facility of obtaining fresh supplies, and all the other evils of drinking on the premises, would exist. This is the class of cases which was contemplated by this court,

in Easterling v. The State, as breaches of the law prohibitory of the sale of liquor when it is drunk about the premises.

If the defendant in this case knew, or had reason to believe, that the liquor which he sold would be carried by the purchaser to some place hard by, as a convenient point at which to drink a part of the liquor, and then to return for the remnant, the place would certainly be placed in such a relation to the premises, that to permit drinking at it would produce the same evils attendant upon drinking on the premises. For, if the seller could vend to one man, having the purpose to drink in the road, within ten or twenty steps, and return for more, he could, under the same circumstances, sell to any number. The result would be, that all the evils of drinking on the premises would be produced. But it ought not to be in the power of the purchaser, without the knowledge of the seller, and in the absence of any circumstances sufficient to induce the inquiry or suspicion of a vigilant and cautious man, to place any spot off his premises in such a relation to them as to constitute him a violator of the law; for then the law would become a mere snare to entrap men into the commission of misdemeanors. In my opinion, the insertion of the words "about the premises" was designed to meet the deficiency in the old law, made apparent by the decision of Downman v. The State; and to meet the large class of cases where the same object is accomplished as if drinking were had upon the premises, although it is done off the premises; and in which the law was evaded. This view of the law meets the evil to be remedied; is suggested by the previous decisions; allows a reasonable motive to the legislature, and avoids the imputation of the wrong of allowing an act, and yet hedging it around so that the most careful and law-abiding citizen can not do the act without subjecting himself to an indictment, as the result of another's conduct, which he could neither foresee nor prevent.

It may be that the defendant might properly be found guilty upon the facts of the case; but, in my judgment, the court was not authorized to assert, as a proposition of

24

law, that the defendant was, upon the facts mentioned in the charge, guilty.