| 36 | 297 |
| 96 | 57 |

## PATTERSON vs. THE STATE.

[INDICTMENT FOR RETAILING.]

1. *Selling liquor drunk on or about premises.*—*Held,* on the authority of
*Easterling's* case, (30 Ala. 46,) *Downman's* case, (14 Ala. 243,) and
*Brown's* case, (31 Ala. 353,) that the court properly refused to in-
struct the jury, at the request of the defendant, " that if they be-
lieved from the evidence that the liquor was drunk in the State of
Tennessee," or, " that it was carried upon land belonging to another
person, and over which the defendant had no control, and drunk
there,—they must find the defendant not guilty."

FROM the Circuit Court of Lauderdale.
Tried before the Hon. WM. S. MUDD.

THE bill of exceptions in this case is as follows:

" On the trial of this case, Hugh R. Reynolds, a witness for the State, testified, that he bought a quart of whiskey from the defendant, at the time mentioned in the indictment, in the county of Lauderdale; and that he took it, in a quart cup belonging to the defendant, about fifty yards from the grocery, across the State line into Tennessee, and upon the land of a man by the name of Adams, where he and others drank it. It was proved, also, that the defendant kept a grocery, or a house where he sold spirituous liquors; and that said grocery was located in said county of Lauderdale, Alabama, near the line of the State of Tennessee. Upon this state of facts, the defendant asked the court to instruct the jury—1st, that if they believed from the evidence that the liquor was drunk in the State of Tennessee, they must find the defendant not guilty; and, 2dly, that if they believed, from the evidence that the liquor was carried upon land belonging to another person, and over which the defendant had no control, and drunk there, they must find the defendant not guilty. The court refused to give either of these charges, and the defendant excepted to their refusal."

E. A. O'NEAL, for the defendant.
M. A. BALDWIN, Attorney-General, contra.

STONE, J.—It is clear that, under section 1058 of the Code, neither the fact that the liquor was drunk in the State of Tennessee, nor that the drinking took place on lands over which the defendant had no control, would, as matter of law, require the acquittal of the accused. See Easterling v. The State, 30 Ala. 46; Downman v. The State, 14 Ala. 243; Brown v. The State, 31 Ala. 353.

Judgment of the circuit court affirmed.