## CHRISTIAN vs. THE STATE.

### [INDICTMENT FOR RETAILING SPIRITUOUS LIQUORS.]

1. *Selling liquor drunk on or about premises of seller.*—It being shown in this case that the defendant sold two bottles of whiskey, which the purchaser "carried out into a public road, five or ten steps in front of the defendant's store, and that the liquor was drunk by a crowd of persons, between the store and the road, and in the road;" and the court having thereupon charged the jury, "that it was the defendant's duty, if he sold the whiskey, to prevent it from being drunk on or about his premises, and that if the liquor was drunk, as stated, in front of the defendant's store, and between the store and the road, and in the road, they should find the defendant guilty,"— *held*, that the charge was correct, although it was also proved that, at the time of the sale, the defendant "told the purchaser that he must carry the whiskey out of his house, and away from his premises," and that the purchaser promised to do so.

FROM the Circuit Court of Bibb.
Tried before the Hon. JOHN MOORE.

THE indictment in this case was found at the April term, 1866, and charged that the defendant, before the finding thereof, " sold vinous or spirituous liquors without a license, and contrary to law." " On the trial," at the October term, 1866, as the bill of exceptions states, "a witness was introduced for the State, who testified that, at

a place called Benson in said county, he purchased from the defendant two bottles of whiskey, which he carried out of the defendant's store, into a public road, five or ten steps from the defendant's store; and that the whiskey was drunk by a crowd of persons, between the store and the road, and in the road. When the whiskey was bought by said witness, the defendant was a merchant, carrying on the business of merchandizing, at Benson in said county, in a rented store by the road, where the liquor was drunk; and the witness did not know whether the liquor was consumed on the defendant's land or not. At the time the defendant sold the whiskey, he told the witness that he must carry it out of his store, and away from his premises; which the witness promised to do when he bought the whiskey. This was all the evidence in the case. The court charged the jury, that it was the defendant's duty, if he sold the whiskey, to prevent it from being drunk on or about his premises; and that if they believed from the evidence, beyond a reasonable doubt, that the defendant, in said county, and in March last, sold the whiskey as stated, and that it was drunk as stated, in front of his store, and between the house and the road, and in the road, then they should find the defendant guilty. To this charge the defendant excepted."

HEFLIN & McCRAW, for the defendant, argued that the charge of the court imposed upon the seller of spirituous liquors a heavier duty and responsibility than could be justified by reason or authority; that it made him criminally responsible for the acts of third persons, over whom he had no control, and required him to resort to physical force, even to the taking of life, to prevent the purchaser, or any third person, from drinking the liquor about his premises, even though such person might be on his own land, or in the public road.

JNO. W. SANFORD, Attorney-General, *contra,* cited the following cases : *Easterling v. The State,* 30 Ala. 46; *Brown v. The State,* 31 Ala. 353; *Patterson v. The State,* 36 Ala. Rep. 297.

BYRD, J.—After giving a careful consideration to the able argment of the counsel for the appellant, we feel constrained to affirm the judgment of the court below, on the authority of the cases cited on the brief of the attorney-general. The charge•of the court is correct.

In referring to the case of *Patterson v. The State*, as .authority, we do not commit ourselves to the position that, if the liquor is drunk in *another State*, although on or about the premises of the seller, he is guilty, as matter of law or fact, of the offense of retailing under section 1058 of the Code.

Judgment affirmed.