## PEARCE *vs.* THE STATE.

(INDICTMENT FOR RETAILING SPIRITUOUS LIQUORS.]

1. *Retailing ; relevancy of acts not covered by indictment.*—When the evidence adduced by the prosecution, under an indictment for retailing spirituous liquors, tends to prove a sale of spirituous liquor by the defendant at a public administrator's sale in the country, and that the liquor was drunk by the purchaser on or about the premises; proof of another sale of liquor by the defendant, to other persons, at the same public sale, and under similar circumstances, is competent evidence for the prosecution, " to illustrate the character of the first sale, and to show knowledge by the defendant that the liquor sold to the first purchaser was drunk about the premises."

2. *Same; selling liquor drunk on or about premises.*—*Held*, on the authority of *Brown v. The State*, (31 Ala. 353,) *Easterling v. The State*, (30 Ala. 48,) and *Patterson v. The State*, (36 Ala. 298,) that the defendant's buggy, in which he carried liquor for sale at a public administrator's sale in the country, constituted *his premises*, within the meaning of the statute, (Code, § 1058,) and that the charge of the court to the jury as to what was necessary to constitute the offense of selling liquor " to be drunk on or about the premises", was correct.

FROM the Circuit Court of Lowndes.
Tried before the Hon. GEO. GOLDTHWAITE.

THE indictment in this case was found at the April term, 1866, and contained three counts : the first charging, that the defendant "unlawfully sold vinous or spirituous liquors, in quantities less than a quart "; the second, that he sold such liquors, " by the quart, to ———, a person of known intemperate habits"; and the third, that he sold such liquors without a license, and contrary to law, " and did then and there suffer the same to be drunk on or about his premises." The trial was had, on issue joined on the plea of not guilty, at the April term, 1867, when the following bill of exceptions was reserved by the defendant.

" The State introduced James Magruder as a witness, who testified that, in the latter part of November, 1865, at a public sale of Mrs. Gilmer's as administratrix, in said county of Lowndes, he asked, in the presence of defendant, if there was any liquor to be had ; that defendant immediately spoke, and said that he knew where he could get some, or that he would or could let him have some ; that the witness and said defendant, and some three or four other persons whom witness invited, then went to a point among some trees, some one hundred or one hundred and fifty yards from the house, and some two hundred yards from the public road, and defendant then and there sold him a quart of liquor or apple-brandy, in a quart bottle, the liquor being already in the bottle, which defendant took from a buggy ; that witness took the bottle, and, with the three or four friends who were with him, went off from the buggy, and where defendant was, some twenty or thirty steps, among some trees, and stopped, and there drank the liquor from the bottle ; that there was no other person

present at the time and place witness purchased the liquor, nor at the time and place it was drunk, than the friends who went with him, and that no other persons were in sight; that the crowd was off at the house; that he and his friends were not in sight of the road at the time of the drinking of the liquor; that he could not say whether defendant could see them, nor whether he, defendant, could be seen by them at the time they drank the liquor; that the space between defendant and where the liquor was drunk, was thickly set with trees, and there was no loud talking at the time of the drinking. The State next introduced one George Wood, and the solicitor asked him, whether he had ever purchased any liquor from defendant, and if so, where and when? The defendant's counsel objected to the witness answering the question, and asked the witness if he knew anything about the selling or the drinking detailed by the witness Magruder; to which the witness answered, that he did not. Thereupon, defendant objected to the witness being examined at all, in reference to the drinking testified to by Magruder; but, the solicitor stating that the object in proving other acts was not to convict for them, but to show knowledge by defendant that the liquor sold to Magruder was drunk about the premises, and to illustrate the character of the said sale to Magruder, the objection was overruled, and defendant excepted.

"The witness, being then examined by the State's counsel, stated, that on the same day referred to by the witness Magruder, and during the same sale, (Mrs. Gilmer's,) and at the same buggy and place, but at a different time, and when said Magruder was not present, he puchased a quart of liquor (apple-brandy) from the defendant; that the liquor he purchased was taken by defendant from a buggy, and was already bottled; that the buggy was in the woods, and the witness took the bottle, and, with several friends whom he invited, went off from the buggy some ten or fifteen steps, among some trees and undergrowth, and there drank the liquor; that no one was present except the friends whom he invited, and that he could not state whether they could be seen by defendant or not, nor whether defendant could be seen from where they were; that there

was no loud talking at the time of the drinking; that the crowd was some distance off, and that they (witness and his friends) could not be seen from where the crowd was. Defendant moved to exclude all the testimony of Wood, in reference to the purchase made by him, and the drinking by him and his friends; but the court overruled the motion, and the defendant excepted. Said Wood further testified, that after having bought and drunk the one bottle of apple-brandy mentioned by him, he again came with several friends invited by him, and bought from defendant, at the same buggy and place, and on the same day and during the same sale, (of Mrs. Gilmer,) another bottle of apple brandy, which he and said friends drank there, at or about ten or fifteen paces from defendant's said buggy, and at the same place where the first bottle bought by him was drunk. Defendant objected also to this; but the court overruled the objection, and permitted the evidence to go to the jury.

"This being all the evidence in the case, the court charged the jury, that if the evidence proved that the defendant went to the sale of Mrs. Gilmer, knowing it was a public sale, and carried spirituous liquors in his buggy to sell to persons who might be at said sale, and sold said liquor by the quart, from his buggy, to such persons, indiscriminately, and that the same was drunk on or about the premises, such acts would be within the evil contemplated by the law against retailing without a license; and that, under such circumstances, the place occupied by him with his buggy, out of which such liquor was sold by him, would be his premises; and that if the evidence proved he sold liquor by the quart to Maynard, (the witness,) in Lowndes county, under such circumstances, in the latter part of November, 1865, and that said liquor was drunk by the said Maynard, on or about said premises of said defendant, that by the defendant so selling said liquor to said Maynard, and it being drunk by him on or about said premises, the defendant was guilty of retailing spirituous liquors without license, if he had no license to retail spirits, although said defendant did not give said Maynard permission to drink

said liquor on or about his premises, and did not know that the same was so drunk.

"The defendant objected to this charge, and then asked the court, in writing, to charge the jury as follows:  1st, that it is necessary, to constitute the guilt of the defendant, that he should have consented that the liquor be drunk on or about the premises; 2d, that if the jury find that the defendant sold the liquor to Maynard, without knowing that it would be drunk on or about the premises, and without knowing that it was being drunk on or about the premises, and without any consent on his (defendant's) part that it should be drunk on or about the premises, and that the liquor was, in fact, carried beyond the view and control of the defendant, and out of sight from the place where it was sold, and that the defendant did not know, and could not have known where the liquor was drunk, and could not have seen the persons drinking it from where he was, and where he sold it, then the jury cannot find the defendant guilty.  The court refused to give each of said charges, and to each refusal defendant excepted."

CLEMENTS & WILLIAMSON, for the prisoner.
JNO. W. A. SANFORD, Attorney-General, contra.

JUDGE, J.—The State relied for a conviction upon the sale to Maynard; and after proving this sale, the court permitted evidence to be introduced of other sales, to another person, at other and different times, "not to convict for them, but to show knowledge by defendant that the liquor sold to Maynard was drunk about the premises, and to illustrate the character of the sale to Maynard."  Under the particular circumstances of this case, this evidence was admissible for the purpose stated.

2. We have carefully examined the charge which the court gave to the jury, and the two charges requested by the defendant, which the court refused to give; and, on the authority of the previous adjudications of this court upon the question, we hold, that the court committed no error in its rulings in relation to them.—*Brown v. The State*, 31 Ala.

353; *Easterling v. The State,* 30 Ala. 48; *Patterson v. The State,* 36 Ala. 298.

There being no error in the record, the judgment must be affirmed.