# Hensly *v.* The State.

### Indictment for Retailing without License.

1. *Husband; when may be punished for acts of wife.* — The husband may be punished criminally for an indictable offence, not *malum in se*, committed by the wife in his presence and with his knowledge.

2. *Same.* — Where a conviction of the husband is sought on a sale of liquor, without license, made by the wife in his presence and with his knowledge, evidence of similar sales made by her in his presence (although not proof to convict him) is admissible "to illustrate the character of the sale" in the particular case, and to show that it was made by authority of the husband.

3. *Sale; what sufficient to prove.* — In the absence of other evidence, testimony of a witness that he "bought" the liquor, is sufficient to prove a "sale" of it.

[Hensly v. State.]

APPEAL from Circuit Court of Etowah.

Tried before Hon. W. L. WHITLOCK.

The appellant, Randall Hensly, was indicted and convicted under § 3618 R. C. for retailing spirituous liquor without license. One Spurlock, a state's witness, testified that, within twelve months before the finding of the indictment, he went to Hensly's residence, and, in his house and presence, asked his wife for the whiskey, who went to the " smoke-house " near by and got it; returning with it to the shoe-bench, at which witness and defendant remained while she was gone, and there delivered a pint of whiskey to witness in defendant's presence. This witness further testified that " he had, on various occasions, bought whiskey from defendant's wife, at his residence, during said year, in quantities of a quart and above, and during or while witness was getting the whiskey, defendant was knocking about the premises." Another witness for the State testified that " he had often got whiskey from defendant's wife during the year before the indictment was found, at his residence, in quantities from a half pint to a quart and above ; that defendant was present on one occasion, and about the premises on the others, but said and did nothing in regard to the sale and delivery of the whiskey."

After this, the defendant moved the court to exclude all the evidence of sales of a quart and over, on the ground that it was illegal, irrelevant, and inadmissible, under the issues. The court overruled this motion and defendant excepted.

The court of its own motion charged the jury, " if they believed, from the evidence, that the wife of defendant sold whiskey in quantities less than a quart, in said county, within twelve months before the finding of the indictment, in the presence or within the knowledge of the defendant, he is guilty as charged." The defendant excepted to the giving of this charge, and requested the court to give the following written charges ; each of which the court refused, and to each of which refusals defendant duly excepted.

1. " If the jury believe from the evidence that Spurlock went to defendant's house and asked his wife in his presence for whiskey, and she went to the smoke-house and got it, in a quantity less than a quart, and took it into the house in presence of defendant, and Spurlock took it away, then defendant is not guilty."

2. " The State is bound to prove a *sale*, and if it has failed to prove what was paid or to be paid for the whiskey, then no sale is proved and the jury cannot find defendant guilty."

The various rulings to which exceptions were reserved are now assigned for error.

[Hensly *v.* State.]

JAMES AIKEN, for appellant. — 1. The evidence does not show such a *presence* of the husband as will raise the legal presumption of *coercion* by him.   The wife acted voluntarily in the matter, and defendant had not part or lot in it.   2 Russ. on Crimes, p. 21.   The court should at least have left the question of coercion to be passed on by the jury.   *State* v. *Parkerson*, 1 Strobhart, 169.

2. No sale was proved.   A current *price* in money is essential to a sale.   2 Bish. Crim. Law, § 993.

3. The evidence objected to was not relevant in any point of view and should have been excluded.   40 Ala. 720.

JOHN W. A. SANFORD, Attorney General, *contra.* — Under the evidence, the law presumes that the acts of the wife were done under the husband's command and with his approbation, and he is answerable criminally therefor.   Schouler Dom. Rel. p. 100–1.   *Davis* v. *The State*, 15 Ohio, 72 ; 1 Bish. Crim. Law, § 452.

2. To *buy* signifies " to obtain by paying a price or equivalent in money."   The testimony of the witness that he *bought* the whiskey is uncontradicted.   The amount paid is not an element of the offence and. entirely immaterial.   2 Bish. Crim. Law § 993.

3. The evidence of other sales was admissible to prove that accused habitually sold liquor, and that he knew and consented to the acts of his wife.   *Seibert* v. *State*, 40 Ala. 60 ; *Pierce* v. *State*, 40 Ala. 743.

MANNING, J. — An offence not *malum in se*, committed by a married woman in the presence and with the knowledge of her husband, is presumed to have been committed by his authority, and he is punishable by indictment for it, if it be an indictable offence.

A witness who says that he *bought* spirituous liquor of a married woman in the presence of her husband, in quantity less than a quart, testifies thereby that she *sold* it to him in the presence of her husband.   The terms " buy " and " sell " are the converse of each other, and a witness who says that he *bought* of another a particular article, affirms that the person with whom he dealt *sold* it to him.   It is not necessary to say further how much, or what the purchaser paid for the article. If the accused desired explanation in that direction, he should have obtained it by a cross-examination or other evidence. The testimony about other sales of liquor by the wife in the presence of the husband was admissible, for the purpose not of convicting the accused for them, but " to illustrate the character of the sale " to Spurlock as made by the authority of the

husband. *Pearce* v. *The State*, 40 Ala. 720. If defendant feared that any other effect would be given by the jury to such testimony, he should have asked of the court a charge thus qualifying it.

The first charge asked was properly refused, because it assumes that the witness did not buy the liquor, as he had testified he did. The second charge asked was also properly refused for reasons hereinbefore indicated.

There is no error in the record, and the judgment of the circuit court is affirmed.