# Powell *v.* The State.

*Indictment against Retailer of Spirituous Liquors.*

1. *Selling liquor "drunk on or about premises."—Held,* on the authority of *Pearce v. The State* (40 Ala. 720), that the defendant was properly convicted of selling liquor "drunk on or about his premises" (Code, § 4204), on proof that the liquor was sold from a jug which he had, in a field where he was working with others, more than a mile from his house, and in the plantation of another person, over which he had no control.

FROM the Circuit Court of Wilcox.

Tried before the Hon. JOHN K. HENRY.

The indictment in this case was found in May, 1879, and charged that the defendant, "not having first procured a license as a retailer from a proper legal authority, did sell vinous or spirituous liquors, which was drunk on or about the premises." The defendant pleaded not guilty, and issue was joined on that plea. The case is brought to this court on a bill of exceptions, reserved on the trial by the defendant, as follows : "The State introduced one Lewis Orange as a witness, who testified that, in February, 1879, in said county, he bought a ten-cent drink of whiskey from the defendant, on a ditch in the plantation of John C. Pritchett; that the place was more than a mile from the defendant's house ; and that said defendant, at the time of said sale, was engaged in digging said ditch with witness and others. The State then introduced one Andrew McMahon as a witness, who testified that, in the month of February, 1879, in said county, he bought a pint of whiskey from the defendant, on a ditch in the plantation of John C. Pritchett, which was at the same time and place testified about by said Lewis Orange. Said witness testified, on cross-examination, that defendant told him, when asking for some whiskey, that he had some in a jug there which he would sell, and he told witness and others that he had brought the whiskey there to sell. Each of said witnesses testified, that they drank the whiskey right where they bought it, and in the presence of the defendant. There was no other evidence in the case, as to the place at which the whiskey was sold, or as to the defendant having control of the place where it was sold. This was all the evidence in the case, the defendant offering none ; and the defendant's counsel admitted that he had no defense, except that he contended the evidence failed to show that the liquor was drank

on or about his premises. On this evidence, the court charged the jury, at the instance and request of the solicitor, that, if they believed the evidence, it is their duty to convict the defendant. The defendant excepted to this charge, and requested the court, in writing, to instruct the jury, that if, from the evidence, they find that the defendant sold the whiskey, in a quantity less than a quart, on the plantation of John C. Pritchett, over which the defendant had no control, and more than one mile from the defendant's residence, then they must acquit the defendant." The court refused to give this charge, and the defendant excepted to its refusal." The jury returned a verdict of guilty, and imposed a fine of one hundred dollars; and the fine and costs not being paid presently, nor judgment confessed for the amount, the court sentenced him to perform hard labor for the county for thirty days, and to an additional term of fourteen hundred and two days, "for the costs and officers' fees, amounting to $268.30."

J. N. MILLER, for the defendant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—We feel constrained to affirm the judgment in this case, on the authority of *Pearce v. The State*, 40 Ala. 720, from which we do not feel at liberty to depart. The sentence is heavy, if not oppressive, owing to the very large bill of costs taxed, for which it is difficult to account on any theory, other than that there must have been an unusual number of witnesses for so small a case. We suggest that, in our opinion, this is a case for executive clemency, at least, for a part of the punishment ordered.

The judgment is affirmed.