STATE *vs.* JAMES BOYLE.

To prove that A. under indictment was married to B., evidence was admitted that B., when
  on the witness stand in a lower court, testified in the presence of A. that she, B., was A.'s
  wife.
*Held*, that the evidence was wrongfully admitted.
That a wife who, in her husband's presence, commits a minor offence, acts under his coer-
  cion is a presumption of law, both in favor of the wife and against the husband.
Hence when evidence showed that a wife in her husband's presence illegally sold liquors:
*Held*, that he was presumptively guilty of the illegal sale.

EXCEPTIONS to the Court of Common Pleas.

*January* 28, 1882.   DURFEE, C. J.   According to the testi-
mony, the liquors, which the defendant is charged with having
illegally sold, were not sold by himself in person, but in his pres-
ence, by a woman alleged to have been his wife.   To prove that
she was his wife the prosecution introduced testimony, subject to
exception, to show that, at the trial of the case in the Justice
Court, she testified in the presence of the defendant that she was

his wife.  The question is, was the testimony rightly admitted. We think not.  The ground on which a statement, made in the presence of a party, is admissible in evidence against him, is, that it may be inferred that the party assents to it unless he contradicts it.  The reason does not hold where the statement is made in court by a witness on the witness stand, for there the party cannot contradict without breach of forensic decorum.  To decide otherwise would be to decide in effect that in an appellate court the entire case might be tried at second hand, by simply calling as witness some reporter who had taken notes of the testimony given in the lower court, and could swear to them.  This would of course be preposterous.  The first exception must therefore be sustained.

The second exception presents the question whether, in the prosecution of a man for a misdemeanor committed by his wife in his presence, it is to be presumed, if there be no evidence to show the contrary, that she acted in obedience to his will.  The defendant admits that if the wife were prosecuted for the act the law would raise the presumption in her favor; but he contends that it would do so only out of favor for her, and that in a prosecution against the husband no such presumption arises, but it is incumbent on the government to prove his guilt in point of fact by positive testimony.  The argument is ingenious, but it finds little support in authority.  The common law presumes that when husband and wife are together, they have virtually but one will between them, the will of the husband; and consequently, if she commits an offence in his presence, it holds him *primâ facie* responsible for it.  On the defendant's theory, if husband and wife were jointly indicted for an offence committed by her in his presence, the jury, with the clearest evidence of the offence, might have to acquit her on the presumption that she acted under his coercion, and him for want of positive proof that she so acted. We are of opinion that the law would not so frustrate itself, but that the presumption which would acquit her would likewise convict him.  The cases on the subject are mostly cases in which the presumption has been invoked to excuse the wife, not to charge the husband.  The case of *Hensley* v. *The State*, 52 Ala. 10, is, however, of the latter sort.  There the husband was indicted

for retailing spirituous liquors without license.   The only proof of the charge was of sales by the wife in his presence.   The court instructed the jury to convict him if they found the sales were made in his presence and with his knowledge.   It was argued, on appeal, that the court should at least have left the question of coercion to be passed on by the jury.   But the appellate court held that the offence, having been committed in the presence and with the knowledge of the husband, must be presumed to have been committed by his authority, and sustained the conviction. See also *Commonwealth* v. *Barry*, 115 Mass. 146 ; 2 Green Criminal Law Rep. 285.   The presumption is not very unreasonable even in this age of the world ; for the husband knows or ought to know that, being a husband, he is to be presumed to have a husband's authority, and therefore, when he sees his wife committing a misdemeanor, he ought at the very least to express his disapprobation, unless she is acting in obedience to his will.   The second exception is therefore overruled.

We are also of opinion that the third exception is untenable and overrule it.[1]

The cause is remanded for a new trial, but only for error in the matter of the first exception.                 *Exception sustained.*

*Samuel P. Colt*, Assistant Attorney General, for plaintiff.

*John M. Brennan*, for defendant.

---

[1] This exception claimed that, at the time the sales of liquor were made, there was no law prohibiting them, because Pub. Laws R. I. cap. 508, of June 25, 1875, was repealed April 29, 1881, and Pub. Laws R. I. cap. 889, of April 29, 1881, did not take effect till July 1, 1881.   Cap. 889, § 62, provides: " All acts and parts of acts inconsistent herewith are hereby repealed, and this act shall take effect on the first day of July next, provided that no offence committed . . . under any of the acts or parts of acts hereby repealed before the time when such repeal shall take effect shall be affected by the repeal; but every such offence so committed may be thereafter prosecuted . . . and all such acts and parts of acts shall be deemed to be in force for the purpose of prosecuting the same to final judgment, and execution or sentence, as the case may be."