## CLARK v. STATE.

CARRYING WEAPONS:    *On one's own premises.*

> The common stairway, leading from the street to the second floor of a building, on which the defendant and other persons rented and occupied rooms as offices, is a public place, and the defendant could not carry a pistol on the same as upon his own premises.

APPEAL from *Phillips* Circuit Court.
M. T. SANDERS, Judge.

*F. T. Vaughan* for appellant.

The stairway was a part of appellant's " premises." *Wood on Land and T.,* 926–7, *and sec.* 51; 12 *Tex. Ct. App.,* 609; 7 *C.*

*& P., 26; 45 Ark., 536; Mansf. Dig., sec. 3002; 55 Mo., 67; 60 Ala., 18.*

*Dan W. Jones*, Attorney General, for appellee.

Section 1907 Mansfield's Digest only gives the right to carry a weapon on "his own premises." This means such as have an estate or interest in the realty. *45 Ark., 538.*

Clark only had an easement, or right of way, over the stairway. *Wash. R. P., vol. 2, pp. 299, 301.* It was in no sense "his own premises."

SMITH, J. The defendant was indicted for carrying a pistol as a weapon. On the trial, which took place before the court without a jury, it appeared that the defendant occupied two rented rooms in the second story of a certain building as his law office; that three other persons had their offices or rooms on the same floor of the building; that there was a stairway leading from the sidewalk or street to the several rooms, and furnishing the only means of ingress or egress to their occupants and others desiring to go into or from said rooms; and that, at the head of this stairway, the defendant was on one occasion seen with a pistol about his person.

The defendant asked the court to declare the law to be that the stairway was a part of his premises. But this was refused, and a declaration, the reverse of this, was made.

Section 1907 of Mansfield's Digest makes the carrying o weapons a misdemeanor. But a proviso recognizes the right of one to carry a weapon "upon his own premises." In *Kinkead v. State, 45 Ark., 536*, we decided that this proviso pro tects those only who have an estate in the real property which constitutes the premises.

Doubtless a tenant in possession of leased premises has such an interest. *Brumley v. State, 12 Tex. Court of Appeals, 609; Zallner v. State, 15 id., 23.*

Now, Clark had the right to use the flight of steps in ascending to or descending from his rooms. But so, also, had the occupants of the other rooms and the public generally who had occasion to visit any of the rooms for purposes of business or pleasure. It does not appear that he had the legal right to exercise any authority or control over the stairway, either exclusively or in connection with the other tenants of the building. The stairway was a public place, and in no sense the private premises of Clark. If it was the premises of any one, it was of the landlord. *Downman v. State, 14 Ala., 242; State v. Black, 9 Iredell Law, 378.*

*Christian v. State, 40 Ala., 376,* was an indictment for selling liquor under a statute which forbade it to be sold to be drunk on or about the premises. And it was held that a public road immediately in front of a store was "about the premises," within the meaning of the law. But that statute was in terms much broader than ours. Compare *Brown v. State, 31 Ala., 353; Daly v. State, 33 id., 431.*

The defendant had no more right to wear a weapon on the stairway than on the sidewalk in front of the building.

Affirmed.