# Whaley *v.* The State.

*Indictment for Retailing Spirituous Liquors without License.*

1. *Selling liquor "drunk on or about premises."*—Under the former decisions of this court, which have received legislative sanction by the re-adoption of the statute without change of phraseology in successive Codes, a conviction may be had for selling liquor "which was drunk on or about the premises" (Code, § 4036), on proof that it was drunk by the purchaser and his friends in the public road, within five or six steps of the defendant's store, and in full view of his premises; and the fact that the defendant did not see it is no excuse.

FROM the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case, which was found in March, 1886, charged that the defendant, "not having first procured a license as a retailer from the proper legal authority, did sell vinous or spirituous liquors, which *was* drunk on or about the premises." On the trial, as the bill of exceptions states, one R. C. Teele testified on the part of the prosecution, that he had several times bought liquor from the defendant, in quantities less than a quart, and drank some of the liquor on the premises; that on Christmas eve, 1885, he bought a quart of whiskey from the defendant, and went, with others, out into the public road which run by the defendant's store, and there drank some of the liquor out of the bottle; that this was in full and open view of the defendant's front door, and about four or five steps from his front piazza; also, that the defendant had told him not to drink the liquor on his premises, as it was against his orders; and that he was not on friendly terms with the defendant. The prosecution having elected to proceed for this particular sale, the defendant proved that he had taken out a license as a wholesale liquor dealer in April, 1885, and he testified in his own behalf, that he never sold any liquor in less quantity than a quart; that he always informed persons that it was against his orders for any one to drink whiskey on or about

his premises; that on Christmas eve, 1885, Teele and others had some whiskey in bottles, which they had bought at his store, "and they drank some of it in the public road above and below his store, about four or five steps from the front door; that he had no control over them in the public road, and made no effort to prevent said drinking." On this evidence, the court charged the jury, "that if the liquor was drunk in the public road, five or six steps from the defendant's store, and in front thereof, and in full view thereof, the place was about the defendant's premises within the meaning of the statute;" also, "that if the defendant did not see Teele drink the liquor on his premises, or in his house, this, of itself, was no excuse." To each of these charges the defendant excepted, and also to the refusal of the following charges, which were asked by him in writing: (1.) "If the defendant did not know that Teele drank the liquor on or about the premises, and if they further believe that he exerted reasonable effort and caution and means to prevent the drinking by Teele or others on or about the premises; then he is not guilty, although they may believe that Teele did drink it on or about the premises." (2.) "After carefully considering all the testimony, unless the jury believe beyond a reasonable doubt, and to a moral certainty, that the defendant sold whiskey which was drunk by Teele on or about the premises over which the defendant had control, or the legal right to exercise authority, or at a place over which he may not have such control, yet is so near thereto, and so situated, that it is within the mischief intended to be remedied,—then they should find the defendant not guilty."

WM. L. MARTIN, Attorney-General, for the State.

SOMERVILE, J.—The rulings of the Circuit Court in this case must be pronounced correct, on the authority of the following cases: *Christian v. State*, 40 Ala. 376; *Pearce v. State, Ib.* 720; *Brown v. State*, 31 Ala. 353; *Patterson v. State*, 36 Ala. 297; *Powell v. State*, 63 Ala. 177; *Easterling v. State*, 30 Ala. 46; Clark's Man. Cr. Law, §§ 1609-1610. Under the authority of these decisions, if the liquor sold by the defendant was drunk within five or six steps of his store, and in full view of the premises, it was drunk "about his premises" within the meaning of the statute. Code, 1886, § 4036. It would avail nothing, that the liquor was drunk by the purchaser in the public road, over which

[Norris v. The State.]

the defendant had no legal control, or that the defendant failed to notice the fact and time of its being drunk.

This rule is a severe one in its consequences, and its reasonableness, in my judgment, may well be questioned; but the statute was long ago repeatedly so construed, and has been several times since re-adopted by the General Assembly, without change of phraseology; and on this ground, I adhere to this construction.

Affirmed.