# Jones *v.* The State.

## *Indictment for Illegal Sale of Liquor.*

1. *Selling liquor "drunk on or about premises."*—To a prosecution for selling, without a license and contrary to law, spirituous, vinous or malt liquors which "were drunk on or about the premises" (Code, § 4036), it is no defense that the liquor was so drunk without the knowledge of the defendant, and against his caution to the contrary.

2. *Same; sufficiency of evidence as to particular offense.*—Under an indictment for selling spirituous, vinous, or malt liquors, without a license and contrary to law, where there is evidence that sales were made within twelve months before the finding of the indictment, it is not necessary that the witness should particularize any one sale, or any one day on which sales were made.

3. *General affirmative charge in criminal case.*—In a criminal case, where the evidence of the defendant's guilt is clear, positive and undisputed, the giving of the general affirmative charge for the State is not an invasion or denial of the defendant's constitutional right to a trial by jury; and the fact that the evidence against the defendant is the testimony of a witness unfriendly to him does not render the giving of such charge improper, as the charge leaves to the jury the credibility of the evidence.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

The indictment in this case contained four counts. The first count charged that the defendant, Will Jones, "did engage in or carry on the business of selling spirituous, vinous or malt liquors in quantities of less than one quart, in a place of less than one thousand inhabitants, without a license and contrary to law;" the second count charged that he "engaged in or carried on the business of a retail liquor dealer in a place of less than one thousand inhabitants, without a license and contrary to law;" the third count charged that he "sold spirituous, vinous or malt liquors which were drunk on or about the premises, without a license and contrary to law;" and the fourth count charged that he "sold spirituous, vinous or malt liquors, in a place of less than one thousand inhabitants, by the quart or more, and did permit the same to be drunk by the glass or single drink in or about his place of business, without a license and contrary to law." The case was tried upon issue joined upon the plea of not guilty. The evidence is sufficiently stated in the opinion. Upon the introduction of all the evidence the solicitor asked the court in writing to charge the

jury, "that if they believe the evidence they must find the defendant guilty." To the giving of this charge the defendant duly excepted. There was a verdict of "guilty as charged in the third count of the indictment," and judgment was rendered accordingly.

WOOD & MAYFIELD, for the appellant, contended that the giving of the general affirmative charge in favor of the State was error, and cited *Perkins v. State*, 50 Ala. 154; Proffott on Jury Trial, § 353; *Dunman v. State*, 14 Ala. 242; *Easterling v. State*, 30 Ala. 242; *Daly v. State*, 33 Ala. 431.

WM. L. MARTIN, Attorney-General, for the State, cited *Whatley v. State*, 87 Ala. 83; 88 Ala. 115, 235; 89 Ala. 16, 23, 105; 90 Ala. 638; 91 Ala. 61, 70.

THORINGTON, J.—The argument of defendant's counsel that the giving of the general affirmative charge for the State was an invasion or denial of defendant's constitutional right to a trial by jury can not prevail. It has been too long and too firmly settled in the jurisprudence of this State now to be disturbed, except by legislation, that giving of such charge by the trial court, in a criminal case, is not a denial or impairment of the defendant's constitutional right to a trial by jury, when the evidence of guilt is clear, positive and undisputed.—*Johnson v. State*, 91 Ala. 70; *Olmstead v. State*, 89 Ala. 16; *Brinson v. State*, Ib. 105; *Prestwood v. State*, 88 Ala. 235; *Cagle v. State*, 87 Ala. 38.

In this case the fact of sale is undisputed, so also is the fact that the liquor sold by defendant was drunk "about the premises," as that language in the statute has been construed by the decisions of this court.—*Pearce v. State*, 40 Ala. 720; *Patterson v. State*, 36 Ala. 297; *Brown v. State*, 31 Ala. 353; *Easterling v. State*, 30 Ala. 46. The State's witnesses all testified to sales of liquor by defendant, and that they saw liquor that was sold in the house where defendant made sales drunk in the rear, and within fifteen feet of the house, and between the house and the fence; but all of said witnesses, excepting the witness, Fair, testified that they did not know whether the liquor they saw drunk in rear of the house was the liquor sold by defendant.

If the evidence had stopped here, it would have been a matter of inference for the jury, from all the facts and circumstances in proof, whether any portion of the liquor sold by defendant was the identical liquor that was drunk on or about the premises, and it would have been error in the

[Jones v. The State.]

court to have given the general affirmative charge on that state of the proof. The witness, Fair, however, testifies clearly and positively that he not only saw defendant sell liquor, but that he saw the liquor so sold by defendant drunk in the rear part of the store in which it was sold by defendant, and in this he is uncontradicted. True, defendant, in his own statement to the jury, denies that any of the liquor sold by him was drunk on or about the premises *within his knowledge*, and he further testified that he always cautioned parties to whom he sold liquor not to drink it on or about the premises; but neither the statute, nor the decisions of this court, make the guilt of the accused, in such cases, depend on his knowledge, consent, or permission as respects the drinking of the liquor on or about his premises. In the case of *Pearce v. State, supra*, the court at the request of the State, and against the objection of the defendant, instructed the jury that the defendant would be guilty on the facts postulated in the charge "although defendant did not give said Maynard (the purchaser) permission to drink said liquor on or about his premises, and did not know that the same was so drunk." And in the same case the court re-refused to charge the jury, at defendant's request, as follows: "1st, that it is necessary, to constitute the guilt of defendant, that he should have consented that the liquor be drunk on or about the premises; 2nd, that if the jury find that the defendant sold the liquor to Maynard, without knowing that it would be drunk on or about the premises, and without knowing that it was being drunk about the premises, and without any consent on his (defendant's) part that it should be drunk on or about the premises, and that the liquor was in fact carried beyond the view and control of the defendant, and out of sight from the place where it was sold, that the defendant did not know, and could not have known where the liquor was drunk, and could not have seen the persons drinking it from where he was, and where he sold it, then the jury can not find the defendant guilty." This court sustained the ruling of the Circuit Court in relation to the charge given and the two charges refused. In *Brown v. State, supra*, the court, in construing a similar statute, declares that "it ignores consent and privity as an element of the offense." In that case there was a dissenting opinion presenting views not unlike those now urged by defendant's counsel, but the opinion of the majority of the court, from which we have quoted, has not only remained undisturbed but has frequently been cited and re-affirmed. And the same is true of the case of *Pearce v. State*, notwithstanding

[Jones v. The State.]

the severity of the rule it lays down was fully recognized by the court.—*Powell v. State*, 63 Ala. 177; *Whaley v. State*, 87 Ala. 83.

The fact that the cross-examination of the witness, Fair, developed that he and the defendant were unfriendly at the time of the sales testified to by Fair, and that their relations continued unfriendly to the time that the witness testified, presented no reason why, if the testimony authorized it, in other respects, the general affirmative charge should not have been given. That charge did not withdraw from the jury a consideration of the credibility of the witnesses—it did not require the jury to accept the testimony of the witness, Fair, as true, whether they believed it to be so or not. Mere unfriendliness existing between the witness and the defendant did not disqualify the former from testifying, nor did it necessarily or *per se* impair or affect the testimony of the witness. The jury were authorized to accept his testimony as true, and their verdict implies that they did so accept it. In *Brown v. State, supra*, it is said: "When, however, as in this case, the testimony is plain and simple, and the place where the drinking is done is obviously *about* the premises of the seller, the credibility of the evidence, and the amount of the fine, are the only questions for the jury." The case of *Daly v. State*, 33 Ala. 431, cited by appellant's counsel, is distinguishable from this, in that the proof was silent as to the location of the place, where the liquor was drunk, with reference to defendant's premises. It was there shown that the drinking took place in an alley leading from the street by defendant's house, but it was not shown how far the alley extended, or at what place in the alley the liquor was drunk, and this court held these were matters of inference for the jury;—while there can be no doubt that the liquor sold by defendant was drunk *on* or *about* his premises, as those words are construed by this court.

It being shown that sales were made within twelve months before the finding of the indictment, it was not necessary that the witnesses should particularize any one sale, or any one day on which sales were made.—*Olmstead v. State*, 92 Ala. 64.

The Circuit Court did not err in giving the general affirmative charge, and its judgment is accordingly affirmed.

Affirmed.