TAYLOR, SHIPMAN & CO. v. RUNYAN & BROWN.

1. EVIDENCE: PLEADINGS. Where a verified petition or answer demands an answer under oath, such sworn pleading will not be taken as true in a trial of the issues made by an answer or replication not under oath.

2. FOREIGN STATUTES. The courts of this State do not take judicial notice of the statutes of other states. They can be brought to the attention of the courts of this State only by proper allegations and evidence.

3. FOREIGN JUDGMENT. Where, by the laws, practice and usages of the State from which a transcript of a judgment is taken, it had the force

and effect of a judgment, it is entitled to the same faith and credit in the courts of this State.

## Appeal from Jefferson District Court.

### TUESDAY, NOVEMBER 1.

Suit on a judgment rendered in the Court of Common Pleas, of Fayette county, Pennsylvania, (*vide* S. C. 3 Iowa, 474.) Since the former hearing in this court, plaintiffs amended their petition, defendant (Brown) answered, under oath, and called upon plaintiffs to reply in the same way. Plaintiffs did reply, denying all of the allegations of the answer, but not under oath. On the trial the plaintiffs introduced the transcript attached to their petition, a copy of certain rules in force in said Common Pleas Court, and the Statute of Pennsylvania. Upon this and no other testimony, the jury, under the instructions of the court found for plaintiffs, and defendants appeal.

*Negus* for the appellants.

*Nourse* for the appellees.

WRIGHT, C. J.—It is first claimed that the answer of defendants not being replied to under oath, is to be taken as true, and that, if thus treated, the verdict of the jury was plainly and manifestly against the evidence. In a proper case, the party filing such sworn pleading, may compel a reply under oath, and for such purpose may have the cause continued. When he does not insist upon it, however, but goes to trial upon an issue which his adversary presents, but not under oath, we do not understand that the pleading sworn to is to be taken as true. The intention of the law was not so much to make the pleading of the party calling for the sworn reply, evidence, as to enable him in actions at law, to procure testimony by appealing, so to speak, to the conscience of his adversary, and requiring him to disclose the matter upon which he relies to maintain his action or

defense. The statute nowhere provides as a consequence of the failure to reply under oath, that the pleading sworn to is to be taken as true, nor do we believe that this was the intention. *Smith, Twogood & Co.* v. *Coopers & Clark, ante.*

It is claimed, however, that treating the issue as made up in the ordinary manner, that is, giving no advantage to the defendant because of his sworn answer, the evidence was not sufficient to authorize the verdict. Whether this is true, in fact, we cannot determine, for the very sufficient reason that we are not advised what this testimony was. It is true that the bill of exceptions recites that plaintiffs introduced the transcript, certain rules of court, (setting them out,) *and the statute of Pennsylvania.* But what statute, whether one, a part, or all, we do not know nor is it stated. We do not take judicial notice of the statutes of another state, and if relied upon as either sustaining or defeating a cause of action, they should be brought to our attention in the same manner as other testimony. When they are referred to generally, as in this case, and when our attention is in no manner called to the particular provisions relied upon by appellants to show the error of the court below, we will not examine through a mass of laws reaching back it may be for a century and more, to ascertain whether sufficient can be found to sustain the action of the Court of Common Pleas of Pennsylvania, and as a consequence, the verdict of the jury in the case before us. As was held when this case was formally decided, so we say again, "if the proof shows that by the laws, practice and usage of the state whence this transcript was taken, it was entitled to the faith and credit of a judgment, we should feel bound to give it the same force and effect." The difficulty at that time was that the case stood upon the unsupported transcript, and that unaided by extrinsic proof, we did not regard sufficient to show the rendition of a judgment. Upon the second trial, the plaintiffs, as we supposed, proposed and made the effort to supply this proof, and we can only presume that it was sufficient to show that

the proceeding relied upon was entitled to the full faith and credit of a judgment, in the state where rendered.

There are some exceptions of a minor nature, going to the regularity of the proceedings in the foreign court. Such argument though entitled to ever so much weight in the appellate court of Pennsylvania, cannot avail in this State. Until reversed, the judgment would have faith and credit in the state where the transcript is taken, and the same force and effect must be given to it here.

Judgment affirmed.