## Luse v. City of Des Moines.

1. Pleading and practice: MUNICIPAL CORPORATION.—In an action against a municipal corporation, for damages to plaintiff's property, caused by a change of grade in a street, the averment of the petition that the corporation had before "fixed and established a grade, etc., as it was lawfully authorized to do," was held a sufficient averment that the grade was lawfully established, without setting out the ordinance or other evidence showing the fact.

2. —— CONSTRUCTION OF STATUTE. Under chapter 49, act of eleventh General Assembly, it is not competent for the judge of the District Court to sign, *in vacation,* the certificate provided by the second section of said chapter, showing that the transcript contains all the evidence. Such certificate must be signed during the term, unless otherwise agreed between the parties.

3. —— JUDGE. The term "judge," as used in the second section of chapter 49 of said acts, is construed to mean the same as if the word 'court" had been used instead.

*Appeal from Polk District Court.*

Friday, July 12.

Municipal corporations : change of grade : pleadings : appeals to supreme court: evidence, when to be certified under act of 1866.—Action to recover damages for

injury to plaintiff's property, caused by a change in the grade of the street on which it is situated. Certain questions arise on defendant's demurrer to the petition.

The petition, among other things, alleges "that prior to March, 1857, the town of Fort Des Moines (to which defendant succeeded), a corporation, etc., *fixed and established certain grades* for certain streets in said town, and, among others, of Second street, along and adjacent to plaintiff's said lot, which said corporation was lawfully authorized to do ; that plaintiff, desiring to erect a costly brick building on his said lot, did, on the 4th of March, 1857, procure a survey of said lot by the city engineer of defendant, and the fixing of a certain point, as the established grade of said defendant, along said Second street, adjacent to plaintiff's said lot, and received a certificate thereof from said engineer, who was thereto legally authorized by defendant." The petition then avers that the law in force when the grade was so established, specially made the corporation liable for damages caused by a change of grade.

It also avers that plaintiff built pursuant to said grade ; that the city afterward (but the time is not averred) changed such grade, and filled up the street, whereby plaintiff was damaged in the sum of $1,000, for which judgment is prayed.

The defendant demurred to the petition for the following reasons :

1. That the said petition does not state facts sufficient to constitute a cause of action.

2. That the said petition does not aver any facts showing that a grade to Second street was lawfully established adjacent to the lot mentioned in said petition.

3. The said petition states no facts showing that the town engineer had authority to make surveys and establish grades to streets.

4. That the alleged giving of a certificate by said engineer to said Luse, which, with the acts of said engineer, is relied on, as shown in said petition, as establishing a legal grade to and on said Second street, were void and without authority; and no power or authority is shown and alleged by the facts pleaded whereby the said engineer could bind this defendant or the said town of Fort Des Moines.

This demurrer was overruled. The defendant refused to answer over, but, excepting to the ruling, stood on his demurrer. This is the first error assigned on this appeal.

Defendant thus refusing to answer over, his default was entered, and the court, upon "hearing the evidence," found for the plaintiff, in the sum of $1,000, to which the defendant excepted.

It is claimed by defendant, that the evidence did not warrant the judgment. The further facts in relation to the evidence are stated in the opinion.

*Seward Smith* for the city (appellant).

*S. Sibley* for the plaintiff (appellee).

DILLON, J.—I. The first point in the demurrer cannot, 1. PLEADING AND PRACTICE: municipal corporation. under the statute, be noticed. It is not sufficiently specific, this being an action at law. Rev., § 2877.

The *second* point in the demurrer is not well taken. The petition alleges that the defendant "*fixed and established a grade* for Second street, as it was lawfully authorized to do." This is the averment of an ultimate fact. It is not necessary to set out evidence "showing that such grade was lawfully established;" as, for example, by ordinance, or resolution setting forth a copy of same. This would be matter of evidence.

The *third* and *fourth* points mistake the allegations of the petition. The petition does not allege that the engineer had authority to establish grades, or that his certificate would establish a legal grade. The allegation in respect to the engineer, is simply material, as showing that the plaintiff built 'with reference to a grade established, not by the engineer, but by the corporation defendant. The other point argued by the appellant's attorney is not made in the demurrer, and that point is, for aught that appears, that the change of grade complained of, was after the city organized under the general incorporation act (Rev., ch. 51), under which it is claimed the city is not liable for injuries caused by a change of the grades of its streets.

If the present law does not make the city liable for a change of grades, we do not and cannot decide, on this demurrer, or in this case either, whether it would be so liable if the previous law was different, and the change of grade was made after the city organized under the general incorporation act.

II. Can we review the case upon the evidence? The action was at law. It was tried by the court on oral testimony. There was no finding of the facts.

2.—construction of statute.

It is claimed by the defendant that the judgment is against the evidence. If the evidence were properly before us, then, under the terms of the act of March, 24, 1866 (Laws 1866, ch. 49, p. 43), we could review it, and, if it did not support the judgment, reverse or correct the latter. Appellee makes the point that the evidence is not properly preserved and certified. *It is made to appear affirmatively, that the judge of the District Court certified the evidence after the adjournment of the term at which the trial was had, and in vacation.* The record does not show that there was any agreement of counsel or parties to this effect. Nor does it show any

reason why the evidence was not certified in term time. Under the act of 1866, above referred to, we are of opinion that in the absence of agreement of parties, it is not competent for the judge to sign such a certificate, at least where the evidence is not all by depositions, in vacation. When the term ends, his power, in the absence of convention, over the case, also ends. If he may thus certify evidence one month after the term ends, he may do so, *ex parte*, eleven months after. It is a loose, dangerous, and most unnecessary practice. Questions relating to what the evidence was (especially where, as in this case, many witnesses were orally examined), should be settled promptly. They should be settled in term, when both parties are presumed to be always present and are bound to be, until the final disposition of the cause. If the certificate may be made and signed after the term, then this may be done without any notice to the adverse party. There is no reason for holding that the evidence may be certified *after* the term, and in vacation.

If there is not time to settle the evidence in term, let the parties agree to have this done in vacation; and if they will not so agree, the court may continue the cause until the next term.

The term "judge," as used in the second section of the act of 1866, means the same as if the word "court" had been used.

3. —— judge.

The statute of 1866 is an important one. We are disposed to give the statute a fair interpretation. We do not believe, however, it was ever intended to allow the judge, in the absence of agreement, to certify to oral evidence after the trial term has closed, and in vacation. This point is squarely presented, and we determine it at once, in order that the profession may know the construction which the act will, in this particular, receive, so that, in the preparation of their causes for this court, they

may govern themselves accordingly. We could have wished this question had first arisen in a cause of less importance to the parties.

In the cause at bar, the evidence not being properly before us, we must presume the judgment of the District Court was correct.

Affirmed.