## ZIMMER VS. THE STATE.

1. RAILROAD COMPANIES: *Consolidation. Effect of.*
   Where, by consolidation, two or more railroad companies form a new or consolidated company, the latter, unless restricted by the law under which the consolidation takes place, succeeds to all the rights, privileges immunities and fra chises of the several companies forming it.

2. SAME: *Effect of charter provision authorizing it.*
   A power conferred on a railroad company by its charter to form a union, or consolidate with any other company, is a contract between the State and the corporation, and cannot be impaired by subsequent legislation.

3. ————: *Exemption of officers, agents, etc., of, from military and other duty.*
   A provision in the charter of a railroad company, exempting its officers, agents and servants from military and road duty, and serving on juries, was not a mere personal privilege conferred upon the class of persons described, but constituted a valuable right in the company, to which another company, formed by consolidation between it and a third company, would succeed.

APPEAL from *Miller* Circuit Court.

Hon. JAMES K. YOUNG, Circuit Judge.

*Rose* for appellant.

Relied on section 26, of the act to incorporate the Miss. Val. R. R. Co., passed June 12th, 1853, together with the charter of the Cairo & Fulton Co., sec. 13.

The right of exemption from road duty for employes was not lost by consolidation. See act of 2d March, 1869, sec. 4. There was authority to consolidate before Constitution of 1868 was adopted. See sec. 10 of original charter. The right cannot be withdrawn. *Oliver* v. *Memphis & Little Rock R. R. Co., ante.*

*Attorney General Hughes* for appellee.

Cited section 18, Bill of Rights, Constitution of 1868. This is a new company, and succeeds only to such franchises, rights and privileges as the Cairo and Fulton Railroad had, which were necessary to the operation of the road, and no further. The Legislature could not, after the Constitution of 1868, create such

exemptions, nor transfer them to a new company. *Trask* v. *McGuire*, 18 Wall., 391.

Exemptions are to be strictly construed. They are never implied. *Del. R. R. Tax*, 18 Wall., 206.

The duty to work the road does not interfere with any duty of the company to the United States. *Railroad Co.* v. *Peniston*, 18 Wall., 5.

HARRISON, J.:

George Zimmerman, the appellant, was indicted and convicted in the Miller Circuit Court for failing to work on the public road.

It was admitted on the trial that the defendant was, when warned by the overseer, and at the time appointed to work on the road, an employee and servant of the St. Louis, Iron Mountain and Southern Railroad Company, and that said Company was formed on the 30th day of April, 1874, by the consolidation of the Cairo and Fulton Railroad Company with the St. Louis, Iron Mountain Railroad Company.

The defendant requested the court to instruct the jury that if these facts were true, he was not liable to the duty of working on public roads. The which instructions the court refused to give.

A new trial being refused, he appealed.

The Cairo and Fulton Railroad Company was incorporated by a public act of the Legislature, on the 12th day of January, 1853.

Besides those specifically granted, the 13th section of the act declares: " That all the rights, privileges, immunities and franchises contained in the charter granted at this session of the Legislature of this State to the Mississippi Valley Railroad Company, and not restricting or inconsistent with this act, are hereby extended, and shall form a part of this incorporation as fully as if the same were inserted herein."

Section 26, of the charter of the Mississippi Valley Railroad Company there referred to, which charter was also a public act, was as follows: "Sec. 26. The president and directors, clerks, agents, officers and servants of said company, shall be exempt from military duty and serving on juries and working on public roads."

It is insisted for the State that the consolidation having been made since the adoption of the Constitution of 1868, which, by the eighteenth section of the bill of rights, inhibits the General Assembly from granting to "any citizen or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens," the exemption or immunity which the Cairo and Fulton Railroad Company had of its officers, agents and servants from military duty, serving on juries and working on public roads, did not pass to the new or consolidated company.

This objection, perhaps, might not be without force if the sole authority for the consolidation of the two companies was the general provisions of section 43, of the act of July 23d, 1868, (sec. 4068, Gantt's Digest), but the Cairo and Fulton Railroad Company was expressly empowered by the 10th section of its charter to make such consolidation. The section is as follows: "Sec. 10. Said corporation shall have power to unite their road with the southern end of the Missouri road at some suitable point on the line which divides these two States. And its southern end with any road coming from Texas, at such point on the boundary line which divides that State and Arkansas that may be deemed most eligible, and to make any contract or agreement with any other railroad company in reference to this business that may be best to insure the early construction of said road and its successful management, and also to make joint stock with any other railroad company in this or any other State, and to form one board of directors for the management of their affairs.

If it should be found necessary to facilitate the early construction of their said road, the contract or agreement of the respective boards shall form a part of their respective charters, whenever the same may be entered into and recorded with their charters."

The power here given the company to form a union or consolidation with any other company was a right secured by the inviolability of a contract between the State and company, which could not be withdrawn or to any extent impaired by the State. *Oliver* v. *Memphis & Little Rock Railroad Co., ante.*

It is well settled by numerous decisions that where two or more railroad companies form by union or consolidation a new or consolidated company, the latter unless restricted by the laws under which the consolidation takes place, succeeds to and possesses the franchises, rights, privileges and immunities of the several companies from which it is formed. *Baltimore* v. *Baltimore and Ohio Railroad Co.*, 6 Gill., 288; *Tomlinson* v. *Branch*, 15 Wall., 460.

The St. Louis, Iron Mountain and Southern Railroad Company has therefore the same immunity for its officers, agents and servants from military duty, serving on juries and working on public roads, the Cairo and Fulton Railroad Company had at the time of the consolidation.

The exemption claimed by the defendant is not a mere personal privilege, but it is a valuable right of the company, granted to it by the State, to save and protect it against such serious inconveniences and injuries as would necessarily happen, were those upon whom it must depend for that vigilance, promptness and despatch indispensable in its business, liable to be called away to the performance of other duties.

It follows, that the defendant, if an employee and servant of said company, and it was so admitted at the trial, was not liable to work on public roads.

The judgment of the court below must therefore be reversed and the case remanded to it with instructions to grant the defendant a new trial, and to proceed according to law.