# Johnson *v.* The State.

### *Indictment for Failure to Work Public Road.*

1. *Exemption of railroad employees from serving as jurors and working on public roads.*—A provision in the charter of a railroad company, exempting its officers, agents and servants from serving as jurors, and from working on the public roads, is not the grant of a personal privilege merely, but confers a valuable right on the company, founded on considerations of public policy; and such exemption having been granted to the Memphis and Charleston Railroad Company by the 35th section of its Tennessee charter, it was conferred also on the Alabama corporation by the 1st section of its charter, which declares that "said company shall have and enjoy all the rights, powers and privileges granted to them by the acts of incorporation above mentioned"—to-wit, the Tennessee charter.

2. *Unconstitutional statute; foreign judicial decisions.*—Although a statute, when declared unconstitutional by the court of last resort, is to be regarded as never having had any legal or binding force; and although comity may require this court, when considering a right or privilege conferred by a statute of Tennessee, to accept as binding a decision of the Supreme Court of that State declaring it unconstitutional; yet it can not regard or look to such decision, unless it is properly put in evidence.

FROM the Circuit Court of Limestone.

Tried before the Hon. JOHN MOORE.

The indictment in this case charged that the defendant, "being liable to road duty, did fail or refuse, after legal notice, to work the public roads, either in person, or by substitute." On the trial, as the bill of exceptions states, "it

[Johnson v. The State.]

was admitted that the defendant is guilty as charged, unless
he is excused by the following facts, which are also admitted
and agreed on: The act of the General Assembly of Ten-
nessee incorporating the Memphis and Charleston Railroad
Company, approved February 2d, 1846, as contained in the
Session Acts of 1845-6, and the act of the General Assembly
of Alabama incorporating said railroad company, approved
January 7th, 1850, shall be taken and considered as evidence
for the defendant, as if they were herein fully set out, and
they are hereby treated and considered as if fully set out
herein. It is admitted and agreed, also, that in August,
1888, when defendant was warned to work the public road as
charged in the indictment, he was in the employment of said
M. & C. Railroad Company, on section No. 30 of said road
in said county, as walking boss on said section, and has been
so employed from the time of said warning to the present;
that his duties consist of walking the track, and examining
it, to see if it was in plumb, and that there were no broken
rails or bolts; that when these duties did not occupy his time,
he performed the ordinary duties of a section hand; that his
duties employed him every day, from sunrise to sunset,
Sunday not excepted; that he was paid by the month, at the
rate of one dollar per day; that the railroad company had the
right to discharge him at any time, and that he had the
right to sever his connection with the road whenever he saw
fit." On these facts, the court charged the jury, on request,
that they must find the defendant guilty, if they believed the
evidence; to which charge the defendant duly excepted.

HUMES, WALKER & SHEFFEY, for appellant.—The exemp-
tion from jury duty and work on the public roads, contained
in the Tennessee charter of the M. & C. Railroad Company,
was not merely a personal privilege conferred on the officials
and servants of the railroad, but the grant of a valuable right
to the corporation, founded on the highest considerations of
public convenience and necessity; and this exemption is
equally conferred by the Alabama charter, as if therein in-
coporated at length. The purpose and intent of this exemp-
tion can not be defeated or impaired by a narrow and
technical construction of the charter.—*Binghampton Bridge*,
3 Wall. 51; *Brockett v. Railroad Co.*, 14 Penn. 244;
*Humphrey v. Pegues*, 16 Wall. 244; *Railroad Co. v. Gaines*,
97 U. S. 711. The validity of such exemptions is main-
tained by the decision of this court in *Lewin v. State*, 77 Ala.

12

[Johnson v. The State.]

45, and by the Supreme Court of Tennessee, in *Hawkins v. Small*, 7 Baxter, 193. The subsequent case of *Neely v. State*, 4 Lea, 316, has no extra-territorial operation, nor can it be allowed to act retrospectively.—*Douglass v. Pike County*, 101 U. S. 686; Story's Conf. Laws, 6th ed., §18, p. 21.

WM. L. MARTIN, Attorney–General, and R. A. MCCLELLAN, *contra.*–The Tennessee charter is not set out in the Alabama charter, nor was there any intention to adopt it in its entirety, for some of its provisions were not applicable in Alabama. The provision declaring that "said company shall have and enjoy all the rights, powers and privileges granted to them by the act of incorporation above mentioned," to-wit, the Tennessee charter, is a grant of corporate powers and privileges only, and can not be extended by construction to the exemption from jury duty and road service, conferred by the Tennessee charter on the officers, agents and servants of the corporation. In the construction of the charters, nothing is to be taken by intendment; a grant of rights and privileges in general terms will only include such as are usually granted to similar corporations, and will not be held to extend to special or unusual privileges; and every doubt is resolved against the corporation.—Cooley's Const. Lim., 5th ed., 486-7; also, 21, note 4. Road service, like jury service and military service, are personal duties which the citizen owes to the State, and pertain to the police power, no part of which can be bartered away by the General Assembly, or made the subject of contract.—Cooley's Const. Lim., 5th ed., 342, 343, 727; *Beer Co. Mass.*, 97 U. S. 25; *Amer. Tel. Co. W. U. Tel. Co.*, 67 Ala. 26, 32. Special exemptions from such service may be granted to particular persons, or classes of persons, in consideration of their performance of other duties which pertain to the public, as in *Lewin v. State*, 77 Ala. 45. This is on the principle, that where different public duties or public rights conflict, the Legislature must determine which must yield. But the special grant of exemption invoked in this case has been held unconstitutional by the Supreme Court of Tennessee, and therefore never had any legal existence.—*Neely v. State*, 4 B. J. Lea, 316; Cooley, 224.

CLOPTON, J.—The first section of an "An act to incorporate the Memphis and Charleston Railroad Company," passed by the General Assembly of Alabama in January,

[Johnson v. The State.]

1850, declares: "Said company shall have and enjoy all the rights, powers and privileges granted to them by the acts of incorporation above mentioned, and shall be subject to all the liabilities and restrictions imposed by the same." The acts above mentioned are recited in the preamble as an act passed by the State of Tennessee in February, 1846, and an act amending the same passed in February, 1848, "for the formation of a company under the name and style of the Memphis and Charleston Railroad Company, for the purpose of establishing a communication by railroad between Memphis, Tennessee, and Charleston, South Carolina." The thirty-fifth section of the act of February, 1846, provides: "The president, directors, clerks, agents, officers and servants of said company, shall be exempt from military duty, except in cases of invasion or insurrection; and shall also be exempt from serving on juries, and working on public roads." Defendant, who was indicted for failing to work on a public road in the county of Limestone after legal notice, claims that the exemption from road duty was conferred on the company by the provisions of the Alabama act of incorporation conferring the rights and privileges granted by the Tennessee act of incorporation.

Notwithstanding military duty, serving on juries, and working on public roads, are duties devolved by law upon the people as individuals, who alone are responsible for failure to perform them, we do not concur in the position insisted on, that the exemption from such duties is a mere personal privilege to the officers, agents and servants of the company, and not a right or privilege of the corporation. In *Zimmer v. State*, 30 Ark. 677, the defendant claimed freedom from liability to work on public roads, under a similar exemption contained in the charter of the company of which he was an employee and servant, and the same position now insisted on was taken. It is said: "The exemption claimed by the defendant is not a mere personal privilege, but it is a valuable right of the company, granted to it by the State, to save and protect it against such serious inconveniences and injuries as would necessarily happen, were those upon whom it must depend for that vigilance, promptness and dispatch indispensable in business, liable to be called away to the performance of other duties." It is true that charters of corporations are to be construed strictly against the corporators, and that doubts as to the proper construction are to be solved in favor of the State; "and when it is susceptible of

[Johnson v. The State.]

two meanings, the one restricting, and the other extending the powers of the corporation, that construction is to be adopted which works the least harm to the State."—*The Binghampton Bridge*, 3 Wall. 51. But the construction should not be so strained as to defeat the legislative grant, if expressed in terms free from ambiguity, when construed in the light of the attendant circumstances, and the purpose of the parties. That the most elegible route for the road was through a portion of this State, and that great and lasting benefits would accrue to its inhabitants, are recited in the preamble of the act, as forming the consideration of its enactment. The purpose was to confer powers, rights and privileges co-extensive with those granted by the Tennessee act of incorporation, and the language employed is comprehensive enough to include, by necessary construction, each and every right, power and privilege granted thereby.

It is also contended, that no right or privilege is conferred by the Alabama act, which the legislature of Tennessee had not authority to grant under the Constitution of that State, though it may be specially mentioned in the act; and we are referred to the case of *Neely v. State*, 4 Lea, 316, in which the Supreme Court of Tennessee held a special exemption, in a charter of incorporation, from service as jurors and road-hands, in favor of the officers and employees of the company, to be unconstitutional. It may be that comity requires that we should accept as binding the decision of the court of last resort in our sister State, as to the constitutionality of such exemptions; and on the principle, that a statute adjudged to be unconstitutional is to be regarded as having never at any time been possessed of any legal force, and as having never existed, that the exemption claimed was never granted. But the decision of the Supreme Court of Tennessee was not put in evidence, and for this reason can not be considered by us.

Reversed and remanded.