# Johnson *v.* The State.

### Indictment for Failure to Work on Public Road.

1. *Exemption of railroad officers and servants from working on public roads, or serving as jurors.*—A provision in the charter of a railroad company, exempting its officers, agents and servants from serving as jurors, and from working on the public roads, is not the grant of a personal privilege merely, but confers a valuable right on the company, founded on considerations of public policy.

2. *Same; Memphis & Charleston Railroad Company, under Tennessee and Alabama charters.*—The Memphis & Charleston Railroad Company, as incorporated under charters granted by both Tennessee and Alabama, was intended to constitute one scheme of improvement, its road operated as a unit under the same management, and each part possessing the same rights, powers and privileges; in furtherance of which purpose, the Alabama charter provides that "said company shall have and enjoy all the rights, powers and privileges granted to them by the act of incorporation" of Tennessee ; and this grant by words of reference, not being violative of any constitutional provision then of force, conferred on the Alabama corporation all the rights, powers and privileges of the Tennessee corporation, as construed by the courts of Tennessee, and not obnoxious to the public policy of Alabama.

3. *Same; judicial decision declaring statute unconstitutional.*—A decision by the court of last resort, declaring a statute unconstitutional,

[Johnson v. The State.]

is accepted as binding and conclusive by the courts of other States, and the latest decision establishes the construction of the statute, except as to rights of property which have vested under a former decision, which sustained its validity; and applying this principle to the charter of said M. & C. Railroad Company, the exemption from service on juries and working on the public roads, granted by the Tennessee charter, having been declared unconstitutional by the Supreme Court of Tennessee, in the last case brought before it, as shown by the evidence adduced, this court adopts that construction, and holds that the exemption is not conferred on the Alabama corporation.

FROM the Circuit Court of Limestone.

Tried before the Hon. HENRY C. SPEAKE.

The indictment in this case charged that the defendant, "being liable to road duty, did fail or refuse, after legal notice, to work the public roads, either in person or by substitute." On the trial, under the plea of not guilty, the defendant claimed exemption from road service, on the ground that he was, when served with notice, and up to the time of the trial, a "section-boss" on the Memphis & Charleston railroad, in the employment of said railroad company; and he offered in evidence, without objection, the charters of said railroad company as granted by legislative acts of Tennessee and Alabama, which contained an exemption in favor of the officers, agents, and servants of the company. He also offered in evidence the decision of the Supreme Court of Tennessee in *Hawkins v. Small*, 7 J. Baxter, 193, in which the validity of the exemption was sustained; and it was admitted by the court, against the objection of the State. The prosecution read in evidence the later decision of said court in the case of *Neely v. The State*, 4 B. J. Lea, 316, which overruled the case of *Hawkins v. Small*, and held the exemption unconstitutional; and the court admitted it, against the objection and exception of the defendant. On this evidence, the court charged the jury, on request, that they must find the defendant guilty, if they believed the evidence; to which charge the defendant excepted.

HUMES, WALKER & SHEFFEY, for appellant, cited *Binghampton Bridge*, 3 Wall. 51; *Brockett v. Railroad Co.*, 14 Penn. 244; *Railroad Co. v. Gaines*, 97 U. S. 711; *Lewin v. State*, 77 Ala. 45; *Douglass v. Pike County*, 101 U. S. 686; *Humphrey v. Pegues*, 16 Wall. 244; *Railroad Co. v. Maine*, 96 U. S. 499; Cooley's Const. Lim., 389–90.

WM. L. MARTIN, Attorney-General, for the State, relied on his brief on the former appeal, and authorities therein cited. 88 Ala. 176.

CLOPTON, J.—When this case was before us at a former

term (88 Ala. 176), we held, that the exemption of the officers and servants of the Memphis & Charleston Railroad Company, conferred by the act of incorporation of the State of Tennessee, is not a mere personal privilege, but a valuable right of the company; and that the language of the act incorporating the company, enacted by the General Assembly of this State, is comprehensive enough to include and grant every right, power and privilege granted by the Tennessee charter, not inconsistent with the Constitution and policy of Alabama. Of course, this conclusion rested upon the theory, that it was competent for the legislature of this State to confer all the rights, powers and privileges granted by the Tennessee act of incorporation, by reference to that act, in the absence of constitutional prohibition, and also on the presumption, nothing to the contrary being shown, that it was competent for the legislature of Tennessee to make such special exemptions. To this construction of the act of incorporation of this State we adhere.

In the argument on the former appeal, our attention was called to a decision of the Supreme Court of Tennessee, declaring such exemptions in an act incorporating a railroad company to be unconstitutional; and the point was made, that no right or privilege is conferred by the Alabama act, which the legislature of Tennessee could not grant, under its constitution, though specially mentioned in the act of that State. We then declined to consider the bearing and effect of the decision on the question involved, the same not having been put in evidence. On the last trial, two decisions were put in evidence.—*Hawkins v. Small*, 7 Jerry Baxter, 193, and *Neely v. State*, 4 B. J. Lea, 316. The difference between the present record and the record on the former appeal consists in this fact, and raises the only question not involved and decided on that appeal.

Appellant's counsel contend that, by reference to the Tennessee act, all the rights, powers and privileges conferred thereby, applicable to the Alabama corporation, and not inconsistent with the Constitution or policy of this State, are extended by operation of law, as fully and completely as if each had been particularly set out and embodied in the Alabama act of incorporation; and if so set out and embodied, no decision of the Supreme Court of Tennessee could affect the validity of the exemption; the only question for the court to determine being, whether such exemption is obnoxious to the Constitution or policy of this State. Had the Alabama act specifically mentioned the rights, powers and privileges granted, independent of, and without reference to the Tennessee act, the contention of counsel would be sustainable; but

[Johnson v. The State.]

this was not done. The Alabama act, after granting the right of way through the territory of the State over the bed or bank of the Muscle Shoals Canal, and through any lands belonging to the State, with the right to use any stone, timber or other materials necessary in the construction of the road, further provides: "And said company shall have and enjoy all the rights, powers and privileges granted to them by the acts of incorporation above mentioned" [the Tennessee acts], "and shall be subject to all the liabilities and restrictions imposed by the same." Building and operating the same road as a unit, and under the same management—one scheme of improvement—was contemplated and provided for by the acts of both States; and it was the manifest purpose that the Tennessee and Alabama corporations should possess the same rights, powers and privileges, constituting similar corporations in all material respects. To this end, the Alabama act, with the exception of a few locally applicable and specifically mentioned, confers, in general terms, the rights, powers and privileges granted by the Tennessee act. Therefore, in order to determine what these are, the latter act must be necessarily looked to, and construed; for it was not intended to confer any particular right, privilege or immunity on the Alabama corporation, unless also granted by the Tennessee act to the Tennessee corporation.

The constitutionality of a statute is a question which primarily belongs to the courts of the State where it was enacted. It is the peculiar province of the highest tribunal of the State to interpret its constitution and statutes, and the exposition of that court should be regarded as conclusive and binding by the judiciary of other States.—*Jessup v. Carnegie*, 80 N. Y. 441; s. c., Amer. Rep. 643; *Amer. Print Works Co. v. Lawrence*, 23 N. J. Law, 590; 3 Amer. & Eng. Encyc. of Law, 504. On this principle, the courts of the United States adopt and follow the construction, with few exceptions, which the courts of the States have placed upon their Constitutions and statutory laws. Said Marshall, C. J.: "This course is founded on the principle, supposed to be universally recognized, that the judicial department of any government, when such department exists, is the appropriate organ for construing the legislative acts of that government. . . . On this principle, the construction given by this court to the Constitution and laws of the United States is received by all as the true construction; and on the same principle, the construction given by the courts to the legislative acts of those States is received as true, unless they come in conflict with the Constitution, laws or treaties of the United States."—*Elmendorf v. Taylor*, 10 Wheat. 152. On

the same principle, the construction given by the courts of the several States to their organic laws and statutes, is received as true by the judiciary of the other States.

Judge Cooley, in his excellent work on Constitutional Limitations, 222, thus states the rule as to the consequences of a void statute: "When a statute is adjudged to be unconstitutional, it is as if it had never been. Rights can not be built upon it, for their considerations are void ; it constitutes a protection to no one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made. And what is true of an act void *in toto*, is true also as to any part of an act which is found to be unconstitutional, and which, consequently, is to be regarded as having never, at any time, been possessed of any legal force." It becomes material, therefore, to inquire whether the Supreme Court of Tennessee has adjudged the exemption under consideration to be unconstitutional. In *Hawkins v. Small*, *supra*, it was held competent for the legislature to exempt the officers and servants of a railroad corporation from road duty ; but, in the subsequent case of *Neely v. State*, *supra*, it was adjudged that such special exemptions in a charter of incorporation, is class legislation, and unconstitutional. In reference to the case of *Hawkins v. Small*, which was cited in support of the validity of the exemption, it is said: "The case cited does sustain the position assumed, but it does not appear that the constitutionality of the provision in the charter, in that case, exempting a section hand from working on the public road, was considered. Of course, the constitutionality must have been taken for granted, otherwise the result announced could not have been attained. But the opinion does not discuss the validity of the exemption, but reaches the conclusion in favor of the exemption upon other grounds, stated in the opinion. We are of opinion, however, that the case was erroneously decided, and overrule it, as it is liable to the same constitutional objections which lie against the case at bar."

The Supreme Court of Tennessee having declared such exemptions to be unconstitutional, the act of incorporation passed by that State must be read and construed, in respect to the rights, powers and privileges conferred, as if the provision making such exemptions was not written or mentioned therein. The exemption never having had any legal force, is not conferred by the Alabama act by reference to the Tennessee act.

But, it is also contended, that as the Supreme Court of Tennessee had decided, in *Hawkins v. Small*, that it was competent for the legislature to make such exemption, it was, in the

[Johnson v. The State.]

eye of the law of that State, a valid grant when made, and that the decision in *Neely's case* can not have a retro-active effect, so as to affect or defeat its validity. The rule invoked is, that when a statute has received a judicial construction,. such construction, so far as respects contract rights acquired thereunder, has the same effect as if incorporated in the statute in terms. In *Green v. Neel*, 16 Pet. 291, the Supreme Court of the United States having made two decisions, establishing an important rule of property, founded on the construction of a statute made in conformity to the decision of a State court at the time, the question was, whether they would overrule the former adjudications, so as to conform to a different construction adopted afterwards by the State court. It is said : "If the construction of the highest judicial tribunal of a State form a part of its statute law, as much as an amendment of the legislature, how can this court make a distinction between them ? There could be no hesitation in so modifying our de- cisions as to conform to any legislative alteration in a statute ;. and why should not the same rule apply when the. judicial tribunal of the State government, in the exercise of its acknowl- edged functions, should by construction give a different effect to a statute from what had at first been given to it." Also,. in *Fairfield v. County of Gallatin*, 100 U. S. 47, the court, referring to the decision just cited, observes : "With much more reason may we change our decisions construing a State Constitution, when no rights have been acquired under it, and when it is made to appear that, before the decision was made, the highest tribunal of the State had interpreted the Constitu- tion different, when that interpretation, within the State, fixed a rule of property, and has never been abandoned."

It follows from the foregoing decisions, that when no rights are acquired upon the faith of a judicial construction of the Constitution or statutes of a State, the last utterance of the highest judicial tribunal is regarded not as retro-active in its oper- ation, but a true interpretation of the Constitution or of the stat- ute, as it was when ordained or enacted, and the courts of the United States, and of other States, will adopt and follow the later construction. The Alabama act of incorporation was passed in January, 1850, and the case of *Hawkins v. Small* was not decided until the April term, 1874, of the court, more than twenty-four years thereafter. In such case, the rule in- voked is not applicable.

It results, that appellant is not exempted from road duty by the act of this State incorporating the Memphis & Charles- ton Railroad Company.

Affirmed.