In the Matter of the Will of MARGARET J. CAPPER.

1. **Foreign Wills:** PROBATE: NOTICE. Under the provisions of section 2351 of the Code, wills probated in any other state may be admitted to probate in this state without the giving of notice as required in the probate of domestic wills.

2. **Practice in Supreme Court:** QUESTIONS CONSIDERED ON APPEAL. The supreme court will not consider upon appeal questions which were not raised in the district court.

3. **Probate of Foreign Will:** PROOF OF PROBATE IN FOREIGN COURT. The certificate of the clerk of a foreign court that a witness named appeared before him, and made oath to certain facts touching the validity of a will, thereto attached, as being the last will and testament of a person named, and stating that said will was duly admitted to probate, and duly proved by the testimony of said witness, and that a complete record of said will and of said testimony had been duly made in the records of the county, but not showing the jurisdiction of the court to entertain such proceeding, nor presenting a copy of the orignal record of probate, will not entitle the will to be admitted to probate in this state.

4. ———: FOREIGN STATUTES: PROOF. The courts of this state will not take judicial notice of the laws of another state, nor will they indulge in presumptions as to the jurisdiction of foreign courts, nor the regularity of their proceedings. Where such laws are relied upon, they must be pleaded and proven on the trial.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

FRIDAY, MAY 13, 1892.

APPLICATION to probate a foreign will. The will was admitted to probate and the contestants appeal. —*Reversed.*

*Blanchard & Preston,* for appellants.

*Haskell & Greer,* for appellees.

KINNE, J.—September 2, 1890, there was filed in the clerk's office of Mahaska county a paper purporting to be the last will of Margaret J. Capper, which was executed in Parke county, Indiana. Attached thereto were the following certificates:

"THE STATE OF INDIANA, ⎱ ss.
  "County of Parke.    ⎰

"Be it remembered that on the ninth day of December, 1869, one of the subscribing witnesses to the

within and foregoing last will and testament of Margaret J. Capper, late of said county, deceased, personally appeared before me, John D. Hunt, clerk of the court of common pleas of Parke county, in the state of Indiana, and being duly sworn by the clerk of said court, upon his oath declared and testified as follows, that is to say: That on the twelfth day of August, 1869, he saw the said Margaret J. Capper sign *his* name to said instrument in writing, as and for *his* last will and testament; and that this deponent, at the same time, heard the said Margaret J. Capper declare the said instrument in writing to be *his* last will and testament; and that the said instrument in writing was at the same time, at the request of the said Margaret J. Capper, and with *his* consent, attested and subscribed by the said affiant and Samuel Davis in the presence of the said testator, and in the presence of each other, as subscribing witnesses thereto; and that the said Margaret J. Capper was, at the time of the signing and subscribing of the said instrument in writing as aforesaid, of full age (that is, more than twenty-one years of age) and of sound and disposing mind and memory, and not under any coercion or restraint, as the said deponent verily believes; and further deponent says not.

"GEORGE MATER.

"Sworn to and subscribed by the said George Mater before me, John D. Hunt, clerk of said court, at Rockville, the ninth day of December, 1869.

"[Seal.]    JNO. D. HUNT, Clerk.

"By ELWOOD HUNT, Deputy.

"In attestation whereof I have hereunto subscribed my name and affixed the seal of said court."

"STATE OF INDIANA, ⎱ ss.
"County of Parke.  ⎰

"I, Jno. D. Hunt, clerk of the court of common pleas of Parke county, Indiana, do hereby certify that

the within annexed will and testament of Margaret J. Capper has been duly admitted to probate, and duly proved by the testimony of George Mater, one of the subscribing witnesses thereto; that a complete record of said will, and of the testimony of the said George Mater in proof thereof, has been by me duly made and recorded in book 2, at pages 402 and 403, of the records of wills of said county. In testimony whereof I have hereunto subscribed my name, and affixed the seal of said court, at Rockville, this ninth day of December, 1869.

"[Seal.] Jno. D. Hunt,
"Clerk Court of Common Pleas, Parke County.
"By Elwood Hunt, Deputy."

"State of Indiana, } ss.
"County of Parke. }

"I, Jesse. H. McCoy, clerk of the Parke circuit court, in and for said county and state, do hereby certify that the within and foregoing is a full, true and complete copy of the last will and testament of Margaret J. Capper, together with the proof and certificate of probate of the same, as the same appears of record, and remains on file in my office. In testimony whereof I have hereunto subscribed my name, and affixed the seal of said court, at my office in Rockville, Indiana, this seventh day of June, 1890.

"[Seal of said Court.] Jesse H. McCoy,
"Clerk of Circuit Court."

The indorsement on said paper is as follows: "Filed for probate in Mahaska county, Iowa, September 2, 1890, and set for hearing September 30, 1890.

"F. E. Smith,
"Clerk."

October 1, 1890, it being the same day of the September term of the court, Lucinda and John Capper filed the following objections to the probate of said will:

"Now come Lucinda Capper and John Capper, and state that Margaret Jane Capper, the alleged testatrix, was a step-daughter and sister of these objectors, and they object to the probate of said alleged will for the following reasons: *First,* no notice has been given as provided by law; *second,* the alleged transcript fails to show that said will was ever probated in any court having jurisdiction, and it only purports to have been probated by the clerk of some court in Indiana; *third,* the transcript fails to show that the will has been probated in any court; *fourth,* said transcript is not made and certified as required by law. There is no certificate of the judge of said court that the probate is in due form of law, and no certificate of any judge that John D. Hunt was clerk of said court; and said transscript is not certified by any judge of a court of record, nor is the official character of the clerk shown; *fifth,* said transcript is not shown to be a transcript of any record of any court."

On October 17, 1890, the court overruled all of said objections, and admitted the will to probate, to which rulings contestants excepted, and appeal.

I. Our statute provides: "Wills probated in any other state or country shall be admitted to probate in this state without the notices required by law in the case of domestic wills, on the production of a copy of such will, and of the orignal record of probate thereof authenticated by the attestation of the clerk of the court in which said probation was made, or, if there be no clerk, by the attestation of the judge thereof, and by the seal of office of such officer, if they have a seal." Code, section 2351. It is insisted that said will should not be probated here, because no notice was given. The statute above quoted expressly dispenses with the giving of notice in cases of wills probated in any other state.

1. Foreign wills, probate notice.

II. It is urged in argument that the record does not show who it is that asks to have this will probated, and that the court below could have no jurisdiction of the case, unless it appeared that some persons having an interest in the matter made the application. This objection was not made in the trial court, and hence cannot be considered here.

2. PRACTICE in supreme court; questions considered on appeal.

III. Under the statute, it is required, in order that a foreign will be admitted to probate in this state—*First*, that a copy of the will be produced; *second*, that a copy of the original record of probate be produced; *third*, that both be authenticated by the attestation of the clerk of the court in which probation was made; *fourth*, that the seal of the office or officer be attached, if they have a seal; *fifth*, that, if there be no clerk, authentication must be made by the attestation of the judge.

3. PROBATE of foreign will: proof of probate in foreign court.

The first requisite of the statute is complied with in this case. It is insisted, however, that there is no copy of the original record of probate, properly certified and attested. From the record it does not appear that the court of common pleas of the state of Indiana had any jurisdiction to probate this will. There is no copy of the original record of the probate of the will produced. The certificate of Hunt simply shows that he, being a clerk of the common pleas court, swore the witness, and that he made oath to the facts therein recited. He also states, as a conclusion, that the will was "duly admitted to probate," and duly proved by the testimony of the witness, and that a complete record of the will and said testimony is recorded in the records of said county. What authority he had to do these acts does not affirmatively appear, and can only be gathered from inference. The certificate of McCoy, as clerk of the circuit court of Parke county, Indiana, is also insufficient. He does not certify that what pre-

cedes his certificate is the "original record of probate" of the will, and, if we should treat the word "certifi-cate" which he uses as meaning "record," it would, not aid us, as there is no record of the probate of the will. There is nothing to show when, or in what court in Indiana, this will was probated. It does not appear from the record before us that any court or judge, or duly authorized officer, ever passed upon the sufficiency of the proof offered, and adjudged it sufficient to admit the will to probate; nor is there any showing that any order was ever made, by any one duly authorized, admitting the will to probate.

IV. We are asked by proponents to presume that the court of common pleas of Parke county, Indiana, was the probate court of said county; that

4. ——: foreign statutes: proof. its officers had jurisdiction of the probate of wills; that the proceedings had were had by and in court, and before the officer, as required by that state; that the record made of the probate of the will in controversy conformed to the requirements of the laws of that state; that the circuit court of Indiana, Parke county, has since succeeded the court of common pleas in the matter of probate jurisdiction, proof of wills, and control of records of said common pleas court; that McCoy, clerk of said court, is the proper person to make and certify to a copy of the record of said common pleas court.

There is no proof as to what the laws of the state of Indiana provide touching the probate of wills, what court has that jurisdiction, and what requirements are made with reference to proceedings in such cases. The statutes of Indiana relating to this subject should have been pleaded and proven on the trial, as required by law. This not having been done, we are required to presume that the laws of Indiana are the same as the laws of Iowa. 1 McClain's Digest, p. 684, where the cases will be found cited. We cannot take judicial

notice of the laws of another state, nor can we do so of the decisions of the courts of other states, for the purpose of thereby ascertaining what the statute law of such states may be. *Johnson v. State*, 88 Ala. 176, 7 South Rep. 253; *Taylor v. Runyan*, 9 Iowa, 522; *Carey v. The Cincinnati & C. Railroad*, 5 Iowa, 357, and cases cited. Such being the law, it is clear that proponents have not placed themselves in such a position as to be entitled to have this will admitted to probate. Under our law the clerk must open and read the will, and a day must be fixed by the court or clerk for proving the same, which must be during a term of court, and either party may demand a jury. Code, section 2340. The case of *Otto v. Doty*, 61 Iowa, 26, and which seems to be relied upon by proponents, is not in point. In that case it was held that "where the courts of a sister state have jurisdiction, their mode of procedure will be presumed to be regular." The trouble in the case at bar is that there is nothing whatever to show that the court or officer in Indiana which assumed to act had any jurisdiction. The judgment of the lower court is REVERSED.