DORCAS W. GREEN v. THE EQUITABLE MUTUAL LIFE
& ENDOWMENT ASSOCIATION OF WATERLOO, IOWA,
Appellant.

**Corporation in Foreign State:** SERVICE OF SUMMONS. A power of
attorney executed by a foreign corporation in attempted compliance
with North Dakota compiled laws, section 3192, requiring foreign
corporations to appoint an agent residing at some accessible point,
duly authorized to accept service of process and upon whom serv-
ice of process may be made with the same effect as upon the cor-
poration, is sufficient to render service upon the agent named
therein binding upon the corporation without his acceptance
thereof, although the power, in terms, merely authorize the agent
to accept and acknowledge the service of process and did not
expressly authorize service to be made upon him without his
acceptance.

SAME. Where a foreign insurance company appoints an agent in a
state, and did business therein, it is conclusively presumed to have
assented to a statute providing that, when such company ceased
to do business in such state the agent last designated by it to
receive service shall be deemed to continue as its attorney for
such purpose.

SAME. It is competent for a state to require foreign corporations to
appoint an agent or attorney upon whom service of process may
be made as a condition of doing business in the state.

CONSTRUCTION OF STATUTE. Where the laws of another state provide
in one statute that no foreign corporation shall do business therein
without having an authorized agent or agents on whom process

may be served, and in another statute that a foreign insurance company shall, before doing business, appoint the commissioner of insurance to be its agent for service, but does not make the latter statute exclusive, service on an agent of a foreign insurance company appointed under a foreign statute will confer jurisdiction.

SUMMONS: *Jurisdiction.* Where the statutes of a foreign state do not in terms require that the summons shall state the time and place to answer, and the summons in question did not furnish such information, a judgment rendered on default of defendant's appearance presupposes that such summons was sufficient under the laws of such state, and the judgment will not be deemed void for want of jurisdiction.

EVIDENCE: *Judgment.* The rule that a court of a general jurisdiction will be presumed to have jurisdiction for the purposes of the judgment which it renders does not apply to a judgment of a foreign corporation which did not appear in the action, unless it is shown that it submitted itself to the jurisdiction of the courts of the state.

STATUTES: *Plea and proof.* Statutes of another state need not be pleaded where they are merely evidence of ultimate facts as, for instance, where the statutes of another state relating to the manner of acquiring jurisdiction of foreign corporations are relied upon to sustain an averment of the due rendition of a judgment against such a corporation and to rebut evidence that the judgment was rendered without jurisdiction.

Contract: PRESUMPTIONS: *Corporation in foreign state.* A contract of insurance is presumably enforcible in the state under whose laws it was issued, even if the insurer is a foreign corporation.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

SATURDAY, MAY 21, 1898.

ACTION at law on a judgment rendered by a district court in the state of North Dakota. At the close of the evidence the plaintiff asked the court to direct a verdict in her favor, which was done, and a verdict was returned as directed, upon which a judgment was rendered in favor of the plaintiff. The defendant appeals.— *Affirmed.*

*Boies & Boies* for appellant.

*F. C. Platt* for appellee.

ROBINSON, J.—The defendant is a corporation organized and existing by virtue of the laws of this state. The plaintiff seeks to recover the amount of a judgment which was rendered by the district court in and for Cass county, in North Dakota. The action in which the judgment was rendered was commenced by the issuing of a summons directed to the defendant, and served in Cass county upon A. L. Carey, who is stated in the return of the officer who served the summons to have been "agent, for service of process, of said defendant." There was no other service of notice of the action, and no appearance thereto by the defendant. The chief contention of the defendant is that service of the summons on Carey was unauthorized, and that the court which rendered the judgment did not have jurisdiction to render it.

I.    The petition alleges that the judgment in question was rendered on the nineteenth day of March, 1895, and that the court which rendered it "was a common-law court, having general jurisdiction." A copy of the record of the court, which set out the summons and the return thereon, the appointment of Carey as agent of the defendant, the complaint, and the judgment, was attached to the petition in this case. The complaint sought a recovery on a certificate of membership alleged to have been issued on the twenty-seventh day of December, 1892, by the defendant to the plaintiff, and averred that the application for the certificate was made and signed by the plaintiff, in the city of Fargo, in North Dakota, where the plaintiff then resided; that by the certificate she became a member of the accident department of the defendant; that in June, 1893, in the state

of Pennsylvania, she sustained a bodily injury, in con-
sequence of which she became, by the terms of the
certificate, entitled to receive thereon from the defend-
ant the sum of one thousand, three hundred dollars.
Judgment for that sum, with interest, was demanded.
The complaint shows that the defendant was a corpora-
tion of this state, and the judgment entry shows that it
did not appear in the action. It is contended by
the appellant that as the record of the case in the
North Dakota court shows that the defendant
therein was a non-resident of that state, and that it did
not appear in the action, the ordinary presumption that
a court having general jurisdiction has jurisdiction in
a case in which it renders judgment does not apply, and
that the burden is upon the plaintiff to show affirma-
tively the facts which conferred upon the court jurisdic-
tion of the defendants. It is contended, further, that
Carey was not the agent of the defendant when the sum-
mons was served upon him, and that the summons was
defective, and the service thereof insufficient to confer
jurisdiction of the defendant upon the court. In the
case of *Galpin v. Page*, 18 Wall. 350, facts necessary to
show the jurisdiction of courts in different cases were
considered, and it was said: "Whenever, therefore, it
appears from the inspection of the record of a court of
general jurisdiction that the defendant against whom
a personal judgment or decree is rendered was at the
time of the alleged service without the territorial limits
of the court, and thus beyond the reach of its process,
and that he never appeared in the action, the presump-
tion of jurisdiction over his person ceases, and the
burden of establishing the jurisdiction is cast upon the
party who invokes the benefit or protection of the judg-
ment or decree.   *   *   *   When, therefore, by legisla-
tion of a state, constructive service of process by publi-
cation is substituted in place of personal citation, and

the court upon such service is authorized to proceed against the person of an absent party, not a citizen of the state, nor found within it, every principle of justice exacts a strict and literal compliance with the statutory provisions. * * * But where the special powers conferred are exercised· in a special manner, not according to the course of the common law, or where the general powers of the court are exercised over a class not within its ordinary jurisdiction, upon the performance of prescribed conditions, no such presumption of jurisdiction will attend the judgment of the court. The facts essential to the exercise of the special jurisdiction must appear, in such cases, upon the record." The statement of the law quoted is well supported by the authorities, and appears to us to be correct. See *Guaranty Trust & Safe Deposit Co. v. Green Cove Springs & M. R. Co.*, 139 U. S. 137 (11 Sup. Ct. Rep. 512); Black Judgments, section 896; 12 Am. & Eng. Enc. Law, 272. The rule of law thus stated is applicable to corporations, as well as to natural persons. *St. Clair v. Cox*, 106 U. S. 350 (1 Sup. Ct. Rep. 354); Black Judgments, section 910. But it is claimed that, although the rule applies to cases in which the court acquires jurisdiction only by publication, it does not apply to a foreign corporation which voluntarily submits to the jurisdiction of the court for the purpose of transacting business within the state in which the court is held. That may be true when it appears that the foreign corporation has submitted itself to the jurisdiction of the courts as stated, but the rule that a court of general jurisdiction will be presumed to have jurisdiction for the purpose of rendering the judgment which it enters does not apply to a foreign corporation which has not appeared to the action, until it is shown that it has submitted itself to the jurisdiction of the courts of the state.

II. The authority which the defendant gave to Carey, upon which the plaintiff relied in causing the

summons to be served on him, was in the form of a power of attorney filed in the office of the commissioner of insurance for the state of North Dakota, which contained the following: "Know all men by these presents, that the Equitable Life and Endowment Association of Waterloo, in the state of Iowa, do hereby nominate and appoint, for themselves and their successors, the following-named person, to-wit, Hon. A. L. Carey, of the city of Bismarck, * * * as the true and lawful agent or attorney of said company in the state of North Dakota. And the said company do hereby authorize the aforesaid named person to accept and acknowledge service of process for and in behalf of said company in said state; consenting that such service of process, mesne or final, upon such attorney, shall be taken and held to be as valid as if served upon the company according to the laws of said state, or any other state or territory, and waiving all claim or right or error by reason of such acknowledgment of service." No formal revocation of that power is shown or claimed. Carey did not acknowledge service of the summons, but it was served upon him. To show that the service made was authorized, and gave the court jurisdiction of the defendant, the plaintiff introduced in evidence portions of the constitution and statutes of North Dakota. A section of the constitution (section 136) thus introduced provides that "no foreign corporation shall do business in this state without having one or more places of business and an authorized agent, or agents, in the same upon whom process may be served." One of the sections (Comp. Laws, article 20, chapter 3, section 3190) of the statutes introduced provides that "no corporation created under the laws of another state shall transact any business within the state until it shall have filed in the office of the secretary of state a duly authenticated copy of its charter." Another section provides that "such corporation shall appoint an agent who shall

reside at some accessible point in this territory * * * duly authorized to accept service of process, and upon whom service of process may be made in any action in which said corporation may be a party; and service upon such agent shall be taken and held as due service upon such corporation." It is shown that these provisions are now in force in North Dakota. The defendant objected to the introduction in evidence of the portions of the constitution and statutes referred to, and insists that they were erroneously introduced, because not pleaded, and cites several cases decided by this court in support of that claim. It is well settled that this court cannot take judicial notice of the laws of another state. *In re Will of Capper*, 85 Iowa, 82, and cases therein cited. It was said in that case, of the laws of the state of Indiana, which some of the parties to the proceeding asked to have considered, that there was no proof as to what those laws were, and that they "should have been pleaded and proven on the trial, as required by law"; but no attempt was made to state any general rule applicable to the pleading of statutes. In *Carey v. Railroad Co.*, 5 Iowa, 357, it was said: "Our courts do not take judicial notice of the statutes of another state, and, if a party relies upon such statutes, he must set them out,—plead them as he does any other fact; and it will not do to refer to them by their title, and date of approval, nor by stating what, in the opinion and judgment of the pleader, are their general provisions and requirements." What was thus said had reference to a bill in equity to which a demurrer had been sustained, and, although the statutes of Indiana which were referred to in the bill were held not to have been properly pleaded, it was held, in effect, that the bill showed a cause of action, and that the trial court erred in sustaining the demurrer. It is undoubtedly true that there may be cases in which statutes relied upon must be

pleaded, but our system of pleading requires that the ultimate facts, and not the evidence of such facts, be pleaded. *Snyder v. Railway Co.*, 105 Iowa, 284; *De Lay v. Carney Bros.*, 100 Iowa, 687; *Robinson & Co. v. Berkey*, 100 Iowa, 136; *Luse v. City of Des Moines*, 22 Iowa, 590. It follows that, where statutes of another state relied upon are merely evidence of ultimate facts, they need not be pleaded. In this case the petition alleged the rendition of the judgment in question, and set out a copy of the record. That showed that the defendant was a non-resident of the state, and that it did not appear in the action. The defendant did not, however, question the sufficiency of the petition by motion or demurrer, but filed its answer, in which it denied the rendition of the judgment, although admitting that the transcript of the summons, and return thereof, of the judgment, and of the power of attorney which appointed Carey its agent, is correct, but denied that Carey had authority to represent the defendant, and denied that service of the summons on him was authorized. It does not deny that a true copy of the complaint is set out in the transcript. Under the issues as thus presented, it was not material that the statutes upon which the plaintiff relies had not been pleaded. She was entitled to introduce them in evidence to rebut the claim of the defendant that service of the summons upon Carey was not sufficient to give the court jurisdiction of the defendant, and to sustain the judgment rendered. See *Taylor v. Runyan*, 9 Iowa, 522; *Webster v. Hunter*, 50 Iowa, 215; Black Judgments, section 860. We conclude that proof of the constitutional and statutory provisions in question, including some to which we have not specially referred, were properly received in evidence.

III. One of the statutory provisions contained in the laws of North Dakota (Laws 1891, chapter 73, section 17), shown by the evidence, is as follows: "Any

insurance company, corporation or society not organ-
ized under the laws of this state shall not directly, or
indirectly take any risks or transact the business of
insurance in this state until it shall first appoint in
writing the commissioner of insurance in this state to
be the true and lawful attorney of such company in and
for this state upon whom all lawful process in any
action or proceeding against the company may be
served with the same effect as if the company existed in
the state. Said power of attorney shall stipulate and
agree on the part of the company that any lawful pro-
cess against the company which is served on said attor-
ney shall be of the same legal force and validity as
if served on the company and that the authority shall
continue in force so long as any liability remains out-
standing against the company in this state. * * *
Service upon such attorney shall be deemed sufficient
service upon the company. * * *" As already
shown, the summons was not served upon the
commissioner of insurance. It is insisted by the
appellant that where, as in this case, foreign cor-
porations are obliged to comply with certain statutory
requirements in order that they may do business within
the state, the provisions which are designed to give the
courts jurisdiction over them must be strictly followed;
that the statute last quoted required service of sum-
mons to be made upon the commissioner of insurance,
and, as it was not so served, jurisdiction of the defend-
ant was not acquired. The only answer which need
be made to that claim is that the statute last referred
to did not make service upon the commissioner the
exclusive method of serving process upon a non-resi-
dent corporation, but that another provision already
referred to, provided for the appointment of another
agent upon whom service might be made, and that
method was followed in this case. See *Insurance Co.*

*v. Highsmith*, 44 Iowa, 330. That it is competent for a state to impose upon foreign corporations conditions like those in question, upon which they will be permitted to do business in the state, is well settled. *Sparks v. Association*, 100 Iowa, 458, and cases therein cited.

IV. Some claim is made to the effect that although Carey was an agent for the defendant, with power to accept service of mesne and final process, that power did not authorize the service of the summons upon him especially as he did not accept service of it. In executing and filing the power of attorney which appointed Carey, it must be presumed that the defendant intended to comply with the law of the state which provided for the appointment of an agent upon whom process might be served. That law provided for the appointment of an agent authorized to accept the service of process, "and upon whom service of process might be made." The power of attorney executed and filed did not in terms state that service of process might be served upon Carey, but it appointed him the agent of the defendant for the purposes of service of process, and the language used does not in terms exclude the right of parties to serve process upon him. The defendant, having undertaken to comply with the statute, and having done business under the appointment of Carey which it filed, should not now be heard to say that by reason of technical defects the appointment made did not comply with the statute. *Gibson v. Insurance Co.*, 144 Mass. 81 (10 N. E. Rep. 729). It is said that the defendant had ceased to do business in North Dakota before the summons was served; therefore, that service on Carey was not authorized. A statute of that state, however, provides that, where a company not organized in the state shall cease to do business therein, the attorney of the company last designated shall be deemed to continue the

attorney of the corporation, for the purpose of serving process for the commencement of any action for any liability accruing on its policies, while transacting business in the state, and that service upon such attorney shall be deemed service on the corporation. The defendant must be held to have assented to the provisions of that statute. The district court of North Dakota found that Carey was the agent of the defendant when the summons was served, and that the service thereof was effectual to give to the court jurisdiction of the defendant; and that finding appears to have been fully authorized, if the summons was itself sufficient.

V. It is said, however, that the summons was not sufficient, in that it did not state when or where the defendant was required to appear to the action. We do not find in the argument for the appellee any answer to that claim. The summons notified the defendant that it was summoned and required to answer the complaint of the plaintiff, a copy of which was attached to the summons, and to serve a copy of its answer upon the subscriber, who was the attorney for the plaintiff in Fargo, within thirty days after the service of the summons, and that, if the complaint was not answered within the time stated, the plaintiff would take judgment for the sum of one thousand and three hundred dollars and interest. The notice would not have been sufficient, under the law of this state, to confer jurisdiction of the defendant upon the court. *Fernekes v. Case*, 75 Iowa, 152, and cases therein cited. The statutes of North Dakota (Comp. Laws 1887, section 4893) provide that civil actions in the courts of that state shall be commenced by summons; that "the summons shall be subscribed by the plaintiff, or his attorney, directed to the defendant, and shall require him to answer * * *. within thirty days"; that from the service of the summons the court is deemed to have

acquired jurisdiction and to have control of all subsequent proceedings. The provisions of the statute of this state requiring the original notice to show the date when the petition will be filed, the court in which it will be filed, and the term at which the defendant is required to appear, are not found in the statutes of North Dakota. The court of that state which rendered the judgment in suit found that the summons served, and the service thereof, were sufficient; and nothing to justify a finding that the court erred in that respect is shown.

VI. The appellant argues that the court of North Dakota did not have jurisdiction to render the judgment in question, because at the time the action was commenced the plaintiff was not a resident of that state. When she ceased to be a resident of North Dakota is not shown. The contract of insurance was issued under the laws of that state, and presumably was enforceable there. We find no reason for concluding that it was not.

Other questions discussed are not of sufficient importance to merit special mention. The facts upon which the plaintiff's right of recovery in this action depends are shown beyond well-founded controversy, and the judgment of the district court appears to be right. It is therefore AFFIRMED.